226 ALEXANDER *v.* BARRETT *et al.* [Sept. T.

Syllabus. Opinion of the Court.

# ELIJAH S. ALEXANDER

*v.*

# SAMUEL E. BARRETT *et al.*

1. CONTRACT.—*one party may waive his own, and adopt the version of the other, of its terms.* In a contract for the sale of a quantity of coal tar, the parties, in a subsequent conversation, admitted that a contract had been made, and agreed as to the terms and price to be paid, but disagreed as to the quantity; the plaintiff claiming that he had bought 2,500 barrels, and the defendant insisting that he had only sold 1,000. Before the time for the performance had expired, the plaintiff accepted the defendant's version of the contract, tendered the money, and demanded the 1,000 barrels: *Held,* that the plaintiff had the right to waive his claim to the larger quantity, and to hold the defendant to his own statement of the contract.

2. When the defendant's own views of his rights and liabilities have been acceded to, he should not be allowed to give the different understanding of the plaintiff as a reason for being excused from performance.

3. When a plaintiff comes into court for the assertion of his legal rights, the defendant cannot complain because those rights are asked to be determined according to his own views.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion states the facts.

Messrs. HITCHCOCK & DUPEE, for the appellant.

Mr. J. V. LE MOYNE, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought by Alexander against Barrett, Powell and Arnold, to recover damages for the non-delivery by the latter, of one thousand barrels of coal tar, alleged to have been purchased by the former. The evidence of a

contract having been made was as follows: Spears testifies that he was present in the office of Alexander, in Chicago, between the last of February and the first of March, 1864, when Arnold, one of the defendants, and Alexander, were conversing in regard to a contract before then made between them in reference to the sale by one, and purchase by the other, of a quantity of coal tar. Alexander claimed that he had bought twenty-five hundred barrels. Arnold contended they had only sold him one thousand barrels, and said he was ready to deliver that quantity, or intended to deliver it. There seems to have been no difference of opinion as to the price, but only as to the quantity sold. The tar was to be delivered before April 30th, 1865. The parties came to no agreement as to what the contract was. On the 29th of April, 1865, Alexander tendered the money and demanded a thousand barrels of tar, but Arnold refused to furnish it. The case was tried in the Superior Court, without a jury, and judgment was rendered for the defendants, whereupon the plaintiff appealed.

The main question in this case is, whether the contract alleged in the declaration, for the sale of one thousand barrels, is sufficiently proven. It is contended in behalf of appellees, that the minds of these parties never met, and hence, there was no contract; or, if they did meet, that we cannot say whether the contract was for one thousand or twenty-five hundred barrels. There is a certain plausibility in this view, but it will not bear examination. The evidence of Spears, the substance of which we have given, is corroborated by that of Turrell, who was present at the same conversation, and repeats it in much the same way. This conversation is in no way contradicted, and indeed, on another occasion, Arnold stated to the witness Scanlon, who desired to buy some tar, that he could not let him have any, as he had agreed to deliver some to Alexander—witness thought he said one thousand barrels. Now, it is clear from this evidence, that there was a contract for the sale of either one thousand or twenty-five

228     ALEXANDER *v.* BARRETT *et al.*     [Sept. T.

Opinion of the Court.

hundred barrels of tar. In the conversation between the parties in Alexander's office, there was no disagreement as to the fact that a contract had been made. Neither was there any difference as to the price or terms of sale. The price was spoken of, though the witnesses were not certain whether it was $2.80 or $2.85 per barrel. The only point of difference was as to the number of barrels—Alexander claiming that he had bought twenty-five hundred, and Arnold insisting that he had only sold a thousand. They parted without coming to any understanding as to what the contract was. But Alexander, before the time for performance had expired, accepts the defendant's version of the contract, tenders the money, and demands the thousand barrels. Had he not a right to do this? While the defendants were distinctly admitting the sale of a quantity of tar, but insisting that the quantity was only one thousand barrels, the plaintiff clearly had the right to waive his claim to the larger quantity, and to hold the defendants to their own statement of the contract. Now when the defendants' own views of their rights and liabilities have been acceded to, they surely should not be permitted to give the different understanding of the plaintiff as a reason for being excused from performance. And when the plaintiff comes into court for the assertion of his legal rights, the defendants certainly cannot complain because those rights are to be determined according to their own views. After the bargain, tar rose in value. The defendants denied having contracted to deliver twenty-five hundred barrels, and refused to deliver even the thousand barrels which they had constantly admitted they agreed to deliver. Hence, Alexander has a legal claim for damages on the basis of either twenty-five hundred or one thousand barrels. According to defendants' version of the contract, the basis should be one thousand barrels, and when the plaintiff, in bringing his suit, only claims upon that basis, it would certainly be a very imperfect administration of justice, that would defeat his recovery

altogether, simply because the evidence shows that he claimed in fact a much larger sum than he had sued for, but, in coming into court, had founded his claim on the contract as understood by the defendants. The question is, has the plaintiff proved the contract as laid in his declaration? He has proved that, although he understood the contract in a sense much more favorable to himself, the defendants insisted on such a contract as he has alleged, and although it is not a case of estoppel *in pais*, as suggested by counsel, it is one where justice requires the statements of the defendants to be received as satisfactory proof. That a contract was made, is clear. That the defendants have refused to perform, even according to their own understanding of the contract, is equally clear. That the plaintiff is entitled to damages in some amount, necessarily follows. The defendants cannot complain if they are assessed on a basis furnished by themselves.

After the plaintiff tendered the money for the one thousand barrels, on the 29th of April, but on the same day, the defendants sent him a note, offering to deliver one thousand barrels of tar on that day, the plaintiff paying the money and furnishing the barrels. The counsel for defendant do not dwell upon this, and we presume it is not relied on as a tender of performance. The contract was for Chicago Gas Light and Coke Company tar. The offer was simply of coal tar, and the evidence shows that there is a great difference in the quality of tar, that of this company being superior, and the business of the plaintiff requiring a superior quality. The offer was also made as one of sale, the price to be what the defendants had paid the Chicago Gas Company the year before, and not as an offer of performance under the old contract.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*