## Crown Coal and Tow Company v. The Yoch Coal Mining Company.

1. CONTRACTS—*Construction by the Parties.*—Where the terms of a contract are indefinite, and one of the parties by his own acts construes it as against his own interest, such construction will bind him.

2. DAMAGES—*A Question for the Jury.*—The amount of damages sustained for the breach of a contract, is a question for the jury to determine from the evidence.

3. PLEADING—*Defective Declaration—Arrest of Judgment.*—When a cause of action is defectively stated in the declaration, a demurrer thereto overruled and issue joined, the question of the insufficiency can not be again raised by a motion in arrest of judgment.

4. CONDITIONS—*Precedent—Waiver.*—When a suit is brought for damages for a failure to take the output of a coal mine for a season, which the plaintiff avers it was able, ready and willing to supply on board the

cars, and which it was prevented from doing by the misconduct of the defendant, the fact that it did not furnish the cars not being disputed, if the loading of the cars was a condition precedent to a recovery, it was waived.

Memorandum.—Assumpsit. Breach of contract. Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Declaration; special count on breach of contract and common counts; pleas, general issue and performance; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the August term, 1894. Affirmed. Opinion filed March 20, 1895.

G. & G. A. KOERNER, attorneys for appellant.

DILL & SCHAEFER, attorneys for appellee.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The appellee brought suit and recovered damages for the failure of appellant to comply with a written contract entered into between the parties. Appellee was operating a coal mine, and on the 16th day of June, 1892, sold to appellant "the entire output of lump coal" of its said mine, agreeing to furnish not less than a certain number of cars of coal weekly, at a certain price, between certain fixed dates, for which the appellant agreed to pay at a certain fixed time. The contract does not definitely determine which party should furnish the cars, but the appellant furnished the cars for all the coal that was delivered, and thereby placed a construction upon the contract in this respect, to which it can not now object. Alexander v. Barrett, 46 Ill. 226; Parmelee v. Hambleton, 24 Ill. 605; Leavers v. Cleary, 75 Ill. 349.

The evidence shows that appellant did not furnish cars to be loaded and did not promptly take away the cars that were loaded, so that appellee, having sold its entire output to appellant for a certain period of time, was damaged. The amount of damages sustained was a question for the jury. It is said, however, the declaration was insufficient. A demurrer to the declaration was overruled, and after ver-

dict a motion was made in arrest of judgment. A defective declaration can not be so attacked. I. O. of M. A. v. Paine, 122 Ill. 625. There is no claim there was not a cause of action, if properly stated on appellee's theory of the case. It is said the loading of the cars with coal was a condition precedent, and until performed there can be no recovery. This suit is for damages for failure to take the output of the mine, which the appellee avers it was able, ready and willing to supply on board the cars, which it was prevented from doing by the misconduct of appellant. That it did not furnish the cars is not disputed, and therefore such condition was waived. Ressinger v. Cheney, 2 Gilm. 84. The excuse offered for not supplying cars is that the coal did not meet the requirements of the contract. That was a question of fact for the jury, whose finding we are not disposed to disturb. We see no error in giving or refusing instructions. The evidence clearly shows the receipt given for the last coal furnished was not in satisfaction of the damages here recovered.

The judgment is affirmed.