HON. ISAAC F. REDFIELD, } ASSISTANT JUDGES.
HON. PIERPOINT ISHAM, . }

---

TOWN OF RUTLAND *v.* ABEL PAIGE, WILLIAM BARNES, AARON BARNES AND REUBEN R. THRALL.

[IN CHANCERY.]

*Cross Bill. Officers' liability. Liability of cosureties on a Constable's Bond.*

If the signers of a constable's bond, at the time of signing, neglect to affix their seals to the same, and admit that it was their intention to have affixed their seals to the bond at the time of signing, the court of chancery will decree that the bond shall be treated as if sealed.

A cross bill can be sustained only on matters growing out of the original bill. *Slason* v. *Wright*, 14 Vt. 208.

If A., B. and C., as cosureties, execute an official bond with D., as constable of a town, neither of the cosureties can sustain an action against the town for any default of duty on the part of D. as constable, to himself; nor can one of the

Rutland *v.* Paige et al.    Thrall *v.* Rutland and others.

cosureties sustain a bill in chancery against the other two cosureties, for contribution for such default of D.

There is no privity whatever between the creditor and the sureties upon a constable's bond.

An officer is not bound to regard the equities subsisting among the debtors, in an execution, nor can he be subjected to a suit in favor of a co-obligor or surety, for any default in enforcing an execution against the principal debtor.

APPEAL from the court of chancery.  The court of chancery dismissed the cross bill, from which decree Thrall, the orator in the cross bill, appealed, he being one of the defendants in the original bill.

The defendants to the cross bill took the testimony of Abel Paige, one of the defendants to the original bill, which was brought. to compel the defendants to treat the bond as if their seals had been affixed at the time of signing, which by mistake they neglected to do.  The testimony of the said Paige, the orator, in the cross bill, moved the court to suppress, on the ground that said Paige is directly interested.

The facts are sufficiently stated in the opinion of the court.

*Reuben R. Thrall per se.*

*Silas H. Hodges* for defendants.

The opinion of the court was delivered by

REDFIELD, J.  The object of this bill is to require the defendants, who executed an official bond for the first defendant, as constable of the town of Rutland, except sealing, to treat the bond as sealed at the time of signing.  The defendants in their answers all admit, that it was their intention to have sealed the bond at the time of signing.  This will entitle the orators to the decree they ask unless some defense is made out, by way of the cross bill.

The cross bill is brought by Thrall, one of the sureties, upon the ground that he having claims against the town, which if seals are regarded as affixed to the bond, he would be estopped from prosecuting against the town, and by consequence from compelling contribution from the other sureties, that contribution should be decreed, as the condition of perfecting the bond.

Rutland *v.* Paige et al.   Thrall *v.* Rutland and others.

The case went through all the stages of answer, traverse and testimony, in the court of chancery. And without taking time to state the character of Mr. Thrall's claim for the default of Paige, as constable, which is at the most a payment made, as surety for Hooker's,[*] by reason of Paige's failure to collect the execution, as against the principals, we pass at once to the claim for contribution, as against the Barnes, the cosureties upon the bond.

This does not seem to be a claim in which the plaintiffs have any concern whatever. It is no offset, defense or qualification to the claim set up in this bill; nor does it seem to us that it is any equity, as between the cosureties of Paige, which it is essential to have objected, before or as a condition of perfecting the bond. We are therefore altogether at a loss to see why this is any more the proper ground of bringing a cross bill against this plaintiff than any other independent equity subsisting among the cosureties.

For if this is any ground of equitable interference whatever, it is not dependent upon the mere accident, that the bond happened not to have the seals attached at the time it was signed. That was agreed to be done, at that time, and comes fairly within the rule, that, in equity, what is agreed to be done must be regarded as done. And if so, it must be without annexing new conditions not stipulated at the time, at least so far as the plaintiffs are concerned.

We think, therefore, that the subject matter of this cross bill has no such connection with the principal suit, that the plaintiffs should be compelled to await its determination. And the same might properly have been dismissed upon demurrer or motion to that effect, without having gone into proof in the court of chancery. But no such motion being interposed, the case in discretion might no doubt with perfect propriety, have been retained, as it was, in the court below.

Mr. Justice STORY, Eq. Pl. § 389, defines cross bills, "A bill of this kind is usually brought, either to obtain a necessary discovery of facts, in aid of the defense of the original bill, or to obtain full relief to all parties, touching the matters of the original bill." Now this is neither. It is not an equity growing out of

---

[*] The case, *Bank of Rutland* v. *Thrall*, 6 Vt. 237, shows fully the ground or nature of the orator's claim against the town.

the claim set up in the original bill, any more than a *general* decree of contribution among the cosureties would be, not only as to the claims of these defendants against the town for the default of the constable, but of all other creditors who should compel the town to pay and thus incidentally subject these defendants, and all through the perfecting of this bond.    But no man will contend, that a *general* decree of contribution among these cosureties, is the proper basis of a cross bill, in this stage of the proceedings, it would be premature, until after a recovery against the town, and a recovery by the town against the signers of the bond, and an actual payment by the sureties.    For until that event, there is no fixed cause of action in the cosurety.    It is true that a surety may sometimes bring a bill against his principal, *quia timet*, to compel him to make payment, or submit his own property to levy upon execution, in order to save the sureties the necessity of raising the money, if the amount is such as to cause risk to them. Because it is the stipulation of the principal, that he will pay the whole debt and save the party absolutely *harmless*.    But the cosurety only stipulates for contribution towards the payment of such sums as the other sureties shall be compelled to pay to the creditor.    If this were such a case in principle, that would only be a ground for bringing an original bill, not a cross bill, which it is said, in 3 Daniels Ch. Practice 1742, is treated as a mere auxiliary suit, or as a dependency upon the original suit, and can be sustained only on matters growing out of the original bill.

Now this claim, set up in the cross bill, which looks a good deal beyond the contract of the parties, as it seems to us, is nothing "growing out of the original bill."    It is nothing in which the plaintiffs have any concern, any way.    The defendants agreed to give the plaintiffs a bond to save them harmless from any default of Paige, as constable.    This they partly executed and admit they intended to execute with all legal formalities, but one of the defendants now says he has a claim against the town for the default of Paige, which accrued indeed since the bond *was* to have been perfected, and which claim the town have never recognized, and if he had sealed the bond, as he agreed at the time to do, the town could never have been compelled to pay, and still he persists in having this kind of *inchoate claim* adjusted, as a preliminary to performing his contract with the town, and which if he had per-

formed, as he agreed to do, would forever have formed a perfect defense to his claim against them. This, it seems to us, is no proper subject for a cross bill. The same was held by this court in *Slason* v. *Wright*, 14 Vt. R. 208.

But as the case has been discussed upon the merits, it may be desirable that some intimation should be given how the case stands upon the bill, as an original bill. And we have been unable to see how the defendant Thrall can make out a case for contribution against his cosureties. We think they may stand upon the very terms of this contract, *i. e.* to save the *town harmless*, by reason of any default of Paige. This is done by way of estoppel, so far as defaults of Paige towards his sureties are concerned. But it is none the less a *performance* of this bond, and it is no fraud or surprise, upon any one, for it appears upon the face of the bond itself, as much as if it had contained an express stipulation that none of the sureties should ever sue the town for any default of Paige. So that although Paige is liable to Thrall on the bond for default of duty, the town are not liable over, *for such default*, and the sureties of course not bound to indemnify such defaults, to the creditor, as their contract is with the town. It is obvious then to us, that this is *casus omissus* in the contract, and not only so, but expressly excluded from the operation of the contract, and which the parties must have understood at the time, or were bound to know, as every man is bound to know the law. In order, then, to decree contribution for this default of Paige against Barnes, we must in the first place subject them to a contract which they never made, and secondly, we must judge them by a rule of law unknown to the books. They must be supposed to have stipulated to be liable to the town for default of the constable, for which the town could not be made liable, and then we must allow the creditor to go directly against the sureties, in the constable's bond to the town, when heretofore it has been conceded, that no privity whatever existed between the creditor and the sureties upon a constable's bond. We think it must be sufficiently obvious to all, that no such extraordinary prerogative of power could properly be exercised by a court of chancery.

There are, we think, other formidable difficulties in the way of the plaintiff's recovery against the town, aside from the estoppel. The default alledged in one of the declarations against Paige is,

XXIV. 13

not accounting for the money received upon the execution against the principal, growing out of the sale of the property of the principal. Now this fact, if it existed, would have been a perfect defense for Thrall, when sued by the creditor, or if judgment had been rendered against him, at the same time with the principal, and the execution had been levied upon the property of the principal and sold, and the money realized, and the creditor then proposed to collect it again of the surety, a court of equity would grant a perpetual injunction.

In the other case the default alledged against Paige is not "collecting and returning the execution." This would no doubt give the creditor a cause of action against the officer. But, if instead of pursuing it, he saw fit to collect the debt of the surety, we do not understand that the surety could either pursue the officer for this default, in the name of the creditor or in his own name. He could not pursue it in the creditors name, because the payment of the debt by the surety, is the same as payment by the principal, and extinguishes all collateral remedies in the name of the creditor.

He could not pursue it in his own name, because there was no such privity between him and the officer as will render the officer liable to him. Officers are liable to the creditors and debtors alone, for whom and against whom they collect debts, or attempt to collect them. If they were liable to every one in the most remote degree affected by their acts, there would be no end to suits. All the creditors of the creditor, and of the debtor too, might sue separately.

It was decided by this court, in this county, within the last two years, that officers were not bound to regard the equities subsisting among the debtors, in an execution. If so, he ought not surely to be subjected to a suit, in favor of a co-obligor or surety, for any default in enforcing an execution against the principal debtor.

We entertain no doubt whatever that Paige must be regarded as an interested witness on the part of the defendants, his sureties, until he is released by the other defendant. He is in fact more in interest than any other defendant, the defense being confessedly for his benefit.

The cross bill was properly dismissed in this case, and the decree of the chancellor is affirmed.