CHARLES D. ARTER *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS, for use, etc.

REPLEVIN BOND—*its requisites.* It is essential to the validity of a replevin bond that the name of the defendant in the suit appear therein; being defective in that regard it is a nullity, and the omission can not be supplied by averment or otherwise.

APPEAL from the Circuit Court of Union county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

The opinion states the case.

Mr. JOHN H. MULKEY and Mr. D. T. LINEGAR, for the appellants.

Mr. JOHN M. LANSDEN, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action on the sheriff's bond, against him and his sureties, brought by appellees in the Alexander circuit

court, and which was subsequently transferred to Union county on a change of venue, and was there tried, and a judgment rendered against defendants, from which they appeal to this court.

The breach alleged is, that a writ of replevin was sued out of the Alexander circuit court in favor of "The Cairo Democrat Company," and against John W. Trover, and placed in the hands of Arter to execute as sheriff; that he executed the writ by seizing the property therein named and delivering it to plaintiffs in that suit, without first taking a bond as required by the statute; that, on the trial of that suit, Trover was adjudged not to be guilty, and the property seized under the writ of replevin was ordered to be returned to him, but the plaintiffs in that suit had failed to make return of the property, whereby Trover lost the same, and had sustained damage.

Appellants filed to the declaration the plea of *non est factum,* also a special plea, that appellant, Arter, did, before he executed the writ of replevin, take of and from the plaintiff in that suit a replevin bond, which is set out in the plea at length. An examination of the bond fails to show that defendant's name was inserted in the bond, or that any language was used from which it could be ascertained in what suit the bond was given. The plea avers that the bond was filed with the papers in the case in the Alexander circuit court, and that Trover did not except thereto, and that the bond was taken in that, and not in any other case.

To this plea, appellees filed a demurrer, which was sustained by the court, and defendants thereupon withdrew the plea of *non est factum,* and abided by their special plea. Failing to further plead, the court rendered a judgment for the penalty of the bond, and assessed plaintiff's damages, and rendered judgment against defendants, and they bring the case to this court on appeal, and assign for error the sustaining of the demurrer to their special plea.

The bond set out in the plea is fatally defective. No suit could be maintained upon the bond with the unfilled blank, in

which the name of the defendant in the replevin suit should have been inserted, because, in that condition, it is incomplete. It does not designate in what case, or for whose benefit, it was taken. It, as executed, fails, of course, to indicate in whose favor the suit shall be decided before the return is to be made, or to whom it shall be made. This is material, and to have inserted Trover's name in the blank would have been a material alteration, and such as, if made without the consent of the obligors, would avoid it.

If such an alteration would avoid it, we are at a loss to perceive how the blank can be supplied by averment and proof. To do so would, in effect, produce the same change. It would operate to change the whole purport of the instrument and to impose burdens and liabilities on the sureties which they never assumed. It would be to render them liable for a failure to return the property to Trover when they entered into no such obligation. The undertaking of a security is always construed strictly. It is never enlarged beyond his undertaking, and to permit the blank to be filled in this bond by the insertion of Trover's name, or to be supplied by averment and proof, would be to enlarge the undertaking of the sureties on this bond. We are, therefore, of opinion that the court below decided correctly in sustaining the demurrer to this plea, and the judgment of the court below must be affirmed.

*Judgment affirmed.*