THOMAS MATTHEWS *et al.*

*v.*

HAIL STORMS *et al.*

1. PLEADING—*defect apparent on face of bond sued on, after oyer, reached by demurrer.* The tenor of the bond declared on, as it appears upon oyer, is considered as forming part of the declaration, and it is competent for the defendant to avail himself of any defect apparent upon the face of the bond, or variance between its terms and the allegations in the declaration, after *oyer,* by demurrer.

2. REPLEVIN BOND—*name of defendant should appear therein.* It is essential to the validity of a replevin bond, that the name of the defendant in the suit appear therein, and if it is defective in this respect it is a nullity, and the omission can not be supplied by averment or otherwise.

APPEAL from the Circuit Court of White county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

The declaration in this case, after the caption, is as follows: "Hail Storms, sheriff, and John Diddle, deputy sheriff of White county, Illinois, who sue for the use of Samuel B. Sacks and Joseph Sacks, partners, trading by firm name of J. & S. B. Sacks, complain of Thomas Matthews and Robert Stanley, of a

plea that they render to the said plaintiffs, for the use aforesaid, the sum of $2400, which they owe to and unjustly detain from the said plaintiffs for the use aforesaid; for that whereas, heretofore, to-wit: on the 23d day of April, 1873, at White county, aforesaid, the said Thomas Matthews caused a writ of replevin to issue from the circuit court of White county, aforesaid, against the said Hail Storms, sheriff, and John Diddle, deputy sheriff of said White county, to recover the possession of a lot of clothing and other goods, wares and merchandize, then in the store-room of said Thomas Matthews, in Grayville, White county, Illinois, of the value of $1200, they, the said Hail Storms, sheriff, and John Diddle, deputy sheriff of White county, Illinois, having previously, to-wit: on the 22d day of April, 1873, to-wit, at the county of White, aforesaid, lawfully seized and taken possession of said goods and chattels, by virtue and authority of a writ of attachment issued out of the circuit court of said White county, bearing date the 22d day of April, 1873, in favor of the said J. & S. B. Sacks, for the sum of $180, and against James McCabe and Joseph Rothery, partners, trading by firm name of McCabe & Rothery; and the said Thomas Matthews, on the 23d day of April, 1873, to-wit: at the county of White and State of Illinois, delivered the said writ of replevin to one Wesley Hillyard, he being then and there coroner of White county, Illinois, and the said Wesley Hillyard, as coroner, as aforesaid, thereupon took a bond, as provided by statute, from the said Thomas Matthews as principal, and the said Robert Stanley as surety, in double the value of the goods and chattels then about to be replevied, under their hands and seals, which said bond was dated the 23d day of April, 1873, by which said bond or writing obligatory, now shown to the court here, the said defendants did, jointly and severally, acknowledge themselves to be held and firmly bound unto the plaintiffs, as sheriff and deputy sheriff of White county, aforesaid, in the sum of $2400, with a condition thereunder written, setting forth, in substance, that, whereas, the said Thomas Matthews had, upon the day of executing said bond, replevied the goods and chattels above mentioned, which

had been previously taken by the said Hail Storms, as sheriff, aforesaid, as the property of James McCabe and Joseph Rothery, by virtue of a writ of attachment, at the suit of said Joseph and Samuel B. Sacks, partners, etc., for $180. Now, if the said Thomas Matthews should prosecute his said suit against the said Hail Storms, sheriff, and John Diddle, deputy sheriff of White county, aforesaid, with effect and without delay, and make return of the said property so about to be replevied, if return thereof should be awarded, then the said writing obligatory was to be void, otherwise to remain in full force and effect. And that, on the 23d day of April, 1873, the said Wesley Hillyard, as coroner of said White county, replevied from the said plaintiffs, Hail Storms, sheriff, and John Diddle, deputy sheriff of White county, and delivered to the said Thomas Matthews, the said property, to-wit: a lot of clothing and other goods, wares and merchandise, in the store-room of the said Thomas Matthews, in Grayville, being the property above described. And at the May term, 1873, of the circuit court of said White county, to which term the said writ of replevin was made returnable, the said Thomas Matthews, by his declaration, declared against the said Hail Storms, sheriff, and John Diddle, deputy sheriff of White county, Illinois, in a plea, wherefore he took and unjustly detained the said goods and chattels, and, by the said declaration of the said Thomas Matthews, complained that the said Hail Storms, sheriff, and John Diddle, deputy sheriff of White county, Illinois, at White county aforesaid, on the 22d day of April, 1873, unjustly detained the goods and chattels of him, the said Thomas Matthews, above described, to the damage of him, the said Thomas Matthews, of $1200, and therefore he brings suit. And such proceedings were had, thereupon, in the said plea in said circuit court of said White county, aforesaid, at the term aforesaid, that on the — day of May, 1873, being the third day of said term, the cause aforesaid coming on for trial, the said Matthews dismissed his said suit of replevin against said plaintiffs herein, and that, at the same term of said court, the court awarded a return of the said goods and chattels to the said Hail Storms, sheriff,

and John Diddle, deputy sheriff of White county, aforesaid, and gave judgment against the said Thomas Matthews for costs of suit, as by the record and proceedings thereof now remaining in the said circuit court of said White county more fully appears. And the said plaintiffs in fact say, that the said Thomas Matthews did not prosecute his said suit to effect against the said Hail Storms, sheriff, and John Diddle, deputy sheriff of White county, Illinois, and has not made return of said property so replevied, as aforesaid, according to the form and effect of the said condition in the said writing obligatory, but has hitherto wholly neglected and refused, and, though requested, still neglects and refuses so to do," etc.

The appellants demurred, craving *oyer* of the bond, and assigned as special causes of demurrer—

"*First*—Because there are improper parties plaintiff joined in the suit.

"*Second*—Because said plaintiffs show no cause of action in their declaration.

"*Third*—Because said suit is not brought in the name of the proper parties.

"*Fourth*—Because there is no bond alleged in and made part of the declaration, as is authorized and required by statute."

The bond is as follows:

"Know all men by these presents, that we, Thomas Matthews and Robert Stanley, of the county of White and State of Illinois, are held and firmly bound unto Hail Storms, sheriff, and John Diddle, deputy sheriff of the county of White and State of Illinois, in the sum of $2400, good and lawful money of the United States, to be paid to the said Hail Storms, sheriff, or to John Diddle, deputy sheriff, or their executors, administrators or assigns, for which payment, well and truly to be made, we do bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents. Sealed with our seals, and dated this 23d day of April, A. D. 1873.

"The condition of this obligation is such, that, whereas, the above bounden Thomas Matthews has this day replevied a lot

of clothing and other goods, wares and merchandise, now in the store-room of the said Thomas Matthews, in Grayville, White county, Illinois, taken by said sheriff as the property of James McCabe and Joseph Rothery, by virtue of a writ of attachment, at the suit of Joseph Sacks and Samuel B. Sacks, partners, etc., for $180. Now, if the said Thomas Matthews shall prosecute his said suit to effect and without delay, and make return of said property, if return thereof be awarded, and save and keep harmless the said Hail Storms, sheriff, as aforesaid, in replevying said property, then the above obligation to be void: otherwise to remain in full force and effect.

"THOMAS MATTHEWS, [seal.]
"ROBERT STANLEY.    [seal.]"

The demurrer to the declaration was overruled, and appellants electing to abide by their demurrer, judgment was rendered in favor of appellees for their debt, $2400, and damages, assessed at $195. Proper exceptions were taken, and the errors assigned are:

*First*—The court erred in overruling the demurrer to plaintiffs' declaration.

*Second*—The court admitted improper testimony for the plaintiffs.

*Third*—The court erred in rendering judgment for the plaintiffs.

Messrs. McCARTNEY & GRAHAM, for the appellants.

Mr. JOHN M. CREBS, and Mr. THOMAS S. CASEY, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The tenor of the bond, as it appears upon *oyer*, is considered as forming a part of the precedent pleading, and it was competent for appellants to avail themselves of any defect apparent upon the face of the bond, or variance between its terms and the allegations in the declaration, after *oyer*, by demurrer. 1 Chit. Pleading, 466, 468; *Taylor et al.* v. *Kennedy*, Breese, 91.

It is alleged in the declaration, that the condition of the bond is, "that, whereas, the said Thomas Matthews had, upon the day of executing said bond, replevied the goods and chattels above mentioned, which had been previously taken by the said Hail Storms, as sheriff, as aforesaid, as the property of James McCabe and Joseph Rothery, by virtue of a writ of attachment at the suit of Joseph and Samuel B. Sacks, partners, etc., for $180. Now, if the said Thomas Matthews should prosecute his said suit against the said Hail Storms, sheriff, and John Diddle, deputy sheriff," etc. In the condition of the bond, as set out on *oyer*, nothing is said about prosecuting said suit against Hail Storms and John Diddle, nor is it stated against whom the suit is prosecuted. It is true, it is stated therein that the property replevied was "taken by the said sheriff of White county," by virtue of a writ of attachment, etc., but it could hardly be claimed that the necessary legal conclusion from this statement is, that the suit in replevin was prosecuted against Hail Storms and John Diddle.

In *Arter et al.* v. *The People, use, etc.* 54 Ill. 228, it was held, it is essential to the validity of a replevin bond, that the name of the defendant in the suit appear therein, and that, being defective in this respect, it is a nullity, and the omission can not be supplied by averment or otherwise.

Applying this principle to the case before us, the bond, as it appears upon *oyer*, was a nullity; and the variance between its terms and that of the instrument described in the declaration is, therefore, not only clear, but upon a point vital to appellees' right to recover in the present suit.

It is insisted, however, that the bond, although defective as a statutory bond, may be held good as a common law obligation.

Even if this were conceded to be true, under a declaration, with proper averments, it is not perceived how the principle can be resorted to for the purpose of remedying the defects in the present declaration. Whether the instrument declared upon shall be called a statutory or common law bond, the variance between its terms and the allegations in the declaration

21—72D ILL.

must still be the same; and there would also appear to be the same necessity that its condition should clearly refer to and specify the purpose for which it was given.

The court below erred in overruling the demurrer and rendering judgment against the appellants. The judgment is, therefore, reversed, and the cause remanded.

*Judgment reversed.*