CHARLES D. ARTER

*v.*

THE CAIRO DEMOCRAT COMPANY *et al.*

CHANCERY—*reforming bond taken in judicial proceeding.* A bill to reform a replevin bond on the ground of the omission to insert the name of the defendant in the body of the instrument, which contains no distinct allegation it was the intention to fill the blank in the bond with the name of the defendant, and that the omission to do so was the result of mutual mistake, is not sufficient to warrant the interposition of a court of chancery.

WRIT OF ERROR to the Circuit Court of Alexander county; the Hon. DAVID J. BAKER, Judge, presiding.

Mr. D. T. LINEGAR, for the plaintiff in error.

Mr. SAMUEL P. WHEELER, for the defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was to reform a replevin bond. The alleged mistake consists in the omission to insert the name of the defendant in the body of the instrument. A recovery was had against the sheriff and his sureties on his official bond, as for a failure to take a proper bond, in the case of *The Cairo Democrat Co.* v. *Trover*, which was affirmed in this court. *Arter et al.* v. *The People*, 54 Ill. 228. The sheriff, who is the plaintiff in

error, then filed this bill to correct the alleged error in the bond taken.

Without discussing the question whether a court of chancery has power to reform a bond taken in a judicial proceeding, we are of opinion the present bill does not contain sufficient allegations to warrant the interposition of that court. It contains no distinct allegation it was the intention to fill the blank in the bond with the name of John W. Trover, the defendant in replevin, and that the omission was the result of mutual mistake. The facts, as alleged, show there was no mistake. The writ of replevin, which is made an exhibit, shows it was issued against blank, and for aught that appears on the face of the bill, the name of the party upon whom it was to be served was not known at the time of the execution of the bond, either to the sheriff or the parties executing it.

The case of *Arter* v. *The People, supra,* is conclusive that neither the sheriff nor any one else would have the authority to insert the name of Trover, when discovered to be the real defendant in the action about to be commenced.

The facts in the bill repel the inference that it was the intention of the parties to execute the bond otherwise than they did, in blank. The writ was itself in blank, and the bond conforms to it in every particular. It may be it was the intention of the parties, as alleged, that the instrument should be a replevin bond in the suit about to be instituted, but that is not sufficient.

The demurrer was properly sustained, and the decree dismissing the bill is affirmed.

*Decree affirmed.*