JOHN B. CRAFT

v.

ELIJAH S. DICKENS.

MISTAKE—*correcting in attachment bond.* A court of equity will not assume jurisdiction to reform an attachment bond for a mistake, as the party complaining had an ample remedy at law to have the same corrected in the court where the attachment was pending.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

This was a bill in chancery, filed by John B. Craft, against Elijah S. Dickens, to reform an attachment bond by correcting certain mistakes made in drafting the same.

It appears, from the bill, that Dickens sued out an attachment, before a justice of the peace, against Craft, claiming $20, and executed an attachment bond in the cause, payable to "John B. Craft, executors, administrators or assigns." The condition of the bond was: "Now, if the said Elijah S. Dickens shall prosecute his said suit with effect, in the case of a failure therein, shall well and truly pay and satisfy said John B. Craft all such damages as shall be awarded against the said *John B. Craft,* executors or administrators, in any suit or suits which may hereafter be brought for wrongfully suing out," etc.

The bill charged that the bond was intended to be made payable to John B. Craft, *his* executors, administrators or assigns; also, that it was intended to make the condition of the bond that, if the said Dickens, in case of a failure to prosecute his suit with effect, should pay all such costs in said suit, and such damages as should be awarded against said *Dickens,* his heirs, etc.

The bill showed that Dickens did not prosecute his suit with effect, but that judgment was rendered therein in favor

of Craft for costs, and prayed that the bond might be re-formed, etc.

The circuit court sustained a general demurrer to the bill, and dismissed the same, which is assigned for error.

Mr. B. B. SMITH, and Mr. W. W. WILLARD, for the plaintiff in error.

Messrs. BRYAN & KAGY, for the defendant in error.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This bill was to correct a mistake which is said to have occurred in an attachment bond taken in a case wherein Elijah S. Dickens was plaintiff and John B. Craft was defendant. A demurrer interposed was sustained, and the bill dismissed. That decision is the only error assigned.

Whether there is any such defect in the bond as would render it invalid, is not necessary to inquire; but conceding a mistake did occur in the execution of the bond, it is plain equity will not assume jurisdiction to reform it, for the reason the statute has given courts of law, in which all attachment proceedings are had, ample powers to allow amendments at the trial, and complainant should have made his application to have the bond corrected in the court where he was sued. Having failed to avail of the remedy given by law, equity will afford him no relief.

The decree dismissing the bill will be affirmed.

*Decree affirmed.*