# THE TRUSTEES OF SCHOOLS, etc.

*v.*

# ALBERT L. OTIS *et al.*

1. MISTAKE—*reforming contract as against sureties.* A court of chancery will not assume jurisdiction to reform an official bond, as against the sureties therein, for a mistake, as the sureties are bound only upon the bond as executed, and there being no superior equities against them.

2. SAME—*allegation in bill.* A bill filed to reform an official bond for mistake as to the name of the payee, alleged, that "by mutual mistake, on the part of the said board of trustees who approved and accepted said bond, and on the part of the said parties who executed said bond, the said bond, in the penal part thereof, failed to state fully who were the payees of said bond." It was *held*, that the allegation of mistake was too vague to warrant a reformation, even as to instruments which may be reformed for mistake.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This bill was filed in the McLean county circuit court, by the trustees of schools of township 24 north, range 2 east, 3d principal meridian, against Albert L. Otis and his sureties, to so reform his official bond, as treasurer of that township, that his sureties might be liable for the default of the treasurer. As written, the bond is made to " the board of trustees in said county," in the penal sum of $25,000, and bound Otis, as treasurer of township 24 north, range 3 east, in said county, to faithfully discharge the duties of such office.

The principal allegations of the bill are, that at the time of the execution of the bond, it was the agreement and understanding defendant should execute a bond, payable to the board of trustees of township 24 north, range 2 east, 3d principal meridian, with the condition annexed, the principal should faithfully discharge the duties of such office, and " that, by mutual mistake on the part of said board of trustees who accepted and approved said bond, and on the part of the said parties who executed said bond, the said bond, in the penal part thereof, failed to state fully who were the payees of said bond, and in the conditional part thereof designated the range as ' three ' instead of ' two.' "

The prayer of the bill is, that the bond be corrected, and for a decree against the principal and his sureties for the amount the treasurer is in arrears to the township.

The court sustained the demurrer interposed, and dismissed the bill. Complainants bring the case to this court on appeal.

Messrs. WILLIAMS, BURR & CAPEN, for the plaintiffs in error.

Messrs. STEVENSON & EWING, and Mr. W. S. COY, for the defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Whether a court of chancery will assume jurisdiction to reform an official or other bond against sureties, is a question upon which the authorities are not harmonious. The point has never been directly decided by this court, but on first

impression we are inclined to adopt the doctrine of those cases that declare, the extent of the obligation of a surety is to be determined by the agreement he actually signs, and that it can not be varied, changed or enlarged by any decree of court, as founded on the better reasoning, and more fully sustained by authority.   One reason that lies at the foundation of this series of cases is, that no equities arise in favor of a party seeking a reformation of a bond not binding at law, against a mere surety, who has received no consideration for the agreement it is alleged he intended to make, but did not.   The surety may stand upon the terms of the bond he has executed, and if that does not bind him, upon what equitable principle can it be said his agreement shall be reformed, so that he shall be made to bear the burden that would otherwise fall on the party seeking relief ?

Under our Statute of Frauds, no man can be charged upon a promise to answer for the debt, default or miscarriage of another person, unless such promise or agreement shall be in writing.   On principle, it would seem to admit of no doubt, if a party has made no such promise or agreement in writing for himself, no court can make any for him, whatever his intentions may have been.   It is not his agreement, unless he assents to it after it is reformed.   As sustaining, in a measure, the views expressed, we cite *Phelps* v. *Garrow*, 3 Paige, 322; *Ontario Bank* v. *Mumford*, 2 Barb. Ch. 596; *Miller* v. *Stuart*, 9 Wheat. 681; *State* v. *Medary*, 17 Ohio, 567; *Ludlow* v. *Simmons*, 2 Caines' Cases, 1.

The bond which complainants seek to have reformed, is the official bond of the township treasurer, made to the trustees of schools.   It is conceded the bond, as written, is so defective it is not binding at law either upon the principal or sureties, and we do not see how a court of chancery can correct it so as to make it obligatory upon the latter.   The effect would be, if that should be done, to make a contract for them by decree of court, which they never made for themselves, compelling them to assume large pecuniary liability without any consideration whatever.

But, independently of this view of the law, the decision may be placed on the same ground as in *Arter* v. *Cairo Dem. Co.* 72 Ill. 434. The cases, in some respects, are analogous. That was a bill to reform a replevin bond, which contained the name of no obligee or payee. The decision is based on the ground the bill contained no distinct allegation it was the intention to fill the blank in the bond with the name of defendant in replevin, and that the omission was the result of mutual mistake. The bond, in this case, contains the name of no payee or obligee. The allegation is, " that by mutual mistake on the part of said board of trustees who approved and accepted said bond, and on the part of the said parties who executed said bond, the said bond, in the penal part thereof, failed to state fully who were the payees of said bond." This allegation is too vague to warrant the interposition of a court of chancery, even under that class of decisions which declare such instruments may be reformed. It makes no difference it is alleged it was the intention of defendants to make their bond to complainants in accordance with the provisions of the statute, to secure the faithful discharge by the township treasurer of his duties as such officer. That very point was decided in *Arter* v. *Cairo Dem. Co.* where it is said: " It may be it was the intention of the parties, as alleged, that the instrument should be a replevin bond in the suit about to be instituted, but that is not sufficient." The same view of the law was taken in *Phelps* v. *Garrow,* by the chancellor, in delivering his opinion in that case.

The demurrer was properly sustained, and the decree dismissing the bill must be affirmed.

*Decree affirmed.*