Mose McCarley *v.* Board of Supervisors of Tippah County.

1. Deed of Trust. *Want of title in grantor. Insufficient description of land. Estoppel.*

Where the purchaser of land, bought at a sale under a deed of trust executed by a third person, gives his own deed of trust on the land thus bought, to secure the purchase-money bid by him, he cannot, while claiming title through such sale, prevent the enforcement of his deed of trust on the ground that the trustee had no power to make the sale at which he purchased, and he, therefore, acquired no title, nor that the deed of trust which it is sought to enforce is void because of an insufficient description of the land, such description being the same as that contained in the deed under which he claims title.

2. Promissory Note. *Intended to be sealed. Omission to affix seal. Effect thereof.*

A promissory note given by M. for the payment of a certain sum of money concluded with these words: " Witness my hand and seal, this 11th day of July, 1872." But no seal was affixed. After the expiration of six years from the maturity of the note, M. sought to enjoin its collection by setting up the statute of limitation of six years as against an unsealed instrument. *Held,* that the note shows that it was intended to be made a sealed instrument, and the accidental failure to affix the seal cannot defeat the intention of the parties, but the note must be treated as a sealed instrument.

Appeal from the Chancery Court of Tippah County.

Hon. A. B. Fly, Chancellor.

On the first day of January, 1867, the treasurer of Tippah County, as trustee in a deed of trust given by L. S. Holcombe to secure a promissory note for money borrowed from the school fund of that county, sold a certain tract of land at public vendue, and the same was bought by Mose McCarley, who gave his promissory note for the purchase-money, and executed to the treasurer a deed of trust on the land bought at such sale, to secure the note. The deed of trust under which the land was sold provided that any sale made thereunder should be for cash.

In July, 1872, the note and deed of trust given by McCarley were cancelled and surrendered to him, and in lieu thereof he gave a new note, to secure which he executed a new deed of

trust on the same land to the Board of School Directors of the county and their successors in office. This note was due on the 1st of January, 1873. It concluded with these words : " Witness our hands and seals, this 11th day of July, 1872." It was signed by McCarley and a surety, but no seal or scroll was affixed. In this deed of trust the land is described as " 51 acres of the S. E. $\frac{1}{4}$ of section 13, township 4, range 3 east, situated in Tippah County, Miss." But this was also the description contained in the trustee's deed conveying the land to McCarley, under the sale of January 1, 1867.

On the 13th of January, 1879, the Board of Supervisors of Tippah County, claiming to be the successors in office of the Board of School Directors, advertised the land for sale on the 10th of February, 1879, under the deed of trust executed by McCarley in July, 1872 ; and on the 6th of February, 1879, he filed the bill in this cause, praying for an injunction against the sale, on the grounds, (1) that the sale at which he bought the land, on the 1st of January, 1867, was void because not made in conformity with the power granted the trustee ; (2) that the deed of trust executed by him to the Board of School Directors was void because of the insufficient description of the land ; (3) that the Board of School Directors had no authority to cancel and surrender the first note and deed of trust and take a new note and deed of trust, as was done on the 11th of July, 1872 ; and (4) that the note given at that time was barred by the statute of limitation of six years, before any steps were taken to enforce its collection. The injunction was granted ; but the defendant answered, and moved to dissolve the injunction. The court sustained the motion, and the injunction was dissolved and the bill dismissed. Thereupon the complainant appealed.

*Falkner & Frederick*, for the appellant.

1. The sale on the first day of January, 1867, under the trust-deed given by L. S. Holcombe, was absolutely void,

because not made in accordance with the stipulations of the deed. The note first executed by appellant was for his bid for the land on the sale of the 1st of January, 1867, and an inspection of the deed of trust will show that it required a sale for cash. The power conferred upon the trustee is strictly a naked power, and must be strictly followed. *Stine* v. *Wilkerson,* 10 Mo. 75 ; *Blackwell* v. *Ogden,* 2 Bush, 265 ; 4 Kent's Comm. 330, 331.

2. The deed of trust executed by McCarley to the Board of School Directors describes the land as "51 acres of the S. E. ¼ of section 13, township 4, range 3 east," and hence was void for uncertainty. 46 Miss. 299 ; 52 Miss. 600 ; 42 Miss. 730 ; 48 Miss. 250 ; Freem. Ch. 58 ; 8 Smed. & M. 681 ; 3 Washb. on Real Prop. 331 ; 13 Smed. & M. 328 ; 53 Miss. 295.

3. The Board of School Directors had no power to take up and cancel the original deed of trust and note given by appellant, and to receive the one now enjoined by appellant, and executed by him on July 11, 1872. Rev. Code 1871, sects. 2011–2022.

4. The deed of trust and note were executed on the eleventh day of July, 1872, and were due on the first day of January, 1873, and no steps were taken to enforce collection by a sale until February 10, 1879, after the bar of the Statute of Limitations had attached and become complete. See Code 1871; sects. 2150, 2151.

*Thomas Spight,* for the appellee.

1. The Holcombe trust-deed is not in the record ; but, admitting the allegations of the bill to be true, the land *was* sold for cash, and the receipt of the purchase-money acknowledged.

2. The Board of School Directors had authority to manage and control this fund until, by act of the Legislature of 1873, they were succeeded by the Board of Supervisors. But even though they were without authority, appellant could not be prejudiced thereby, and cannot be heard to complain thereof in this proceeding.

3. The third argument of appellant is that the deed of trust

executed on July 11, 1872, is void for uncertainty. There is sufficient in the record to show what fifty-one acres are conveyed. "That is certain which can be made certain," and we should have no trouble in finding the land.

4. If by an accident or mistake the note did not conform to the expressed intention of the parties, and a bill had been filed for that purpose, it would have been reformed. *Pegues* v. *Mosby*, 7 Smed. & M. 340 ; *Lauderdale* v. *Hallock*, 7 Smed. & M. 622 ; *Harrington* v. *Harrington*, 2 How. 700 ; *Simmons* v. *North*, 3 Smed & M. 67. If a court of chancery would, at the instance of the party injured, reform the writing so as to make it conform to the intention of the parties (*Dismukes* v. *Terry*, Walk. (Miss.) 197 ; 1 Story's Eq. Pl., sects. 64 g, 97, 115, 152–155, 166, 168, 170, 174), certainly this appellant, with nothing but a naked technicality to rely upon, with all the equities against him, ought not to be allowed to defeat the ends of justice in this proceeding, when in the other, with the same questions involved, we would be entitled to relief.

Campbell, J., delivered the opinion of the court.

The position of appellant, as holding the land described in his bill by virtue of his purchase, as described, is such as to preclude him from assailing the title he acquired, either for want of authority in those with whom he dealt, or because of insufficiency in the description of the land. In reference to the accidental failure to affix a scroll to the name subscribed to the note, we are disposed to follow the cases of *Wadsworth* v. *Wendell*, 5 Johns. Ch. 224 ; *Thomas Manufacturing Company* v. *Lathrop*, 7 Conn. 550 ; and *Rutland* v. *Paige*, 24 Vt. 181. In the first case cited, Chancellor Kent said : "The omission to affix a seal was a mere mistake, contrary to the intention of the parties ; for the instrument concluded with these words : 'In witness whereof I have hereunto set my hand and seal.'" He regarded these words as evidence of intent to make the instrument a sealed one, and treated it as such.

The note of appellant shows it was intended to be a sealed

instrument, and a court of equity will not allow him to claim and obtain a benefit arising from the accident of a failure, through mere inadvertence, to do what the words written show was intended to be done, and which, if it had been done, would have precluded the possibility of the assertion of the right now set up by the appellant.

Decree affirmed.