## James O'Connell et al., use, etc. v. John J. Lamb et al.

1.  SURETIES—*What Does not Release.*—The fact that the name of the obligee in a bond given to an unincorporated society embracing many thousand members residing in different States was given differently in

O'Connell v. Lamb.

the penal part and in the condition of the bond and also in the constitution and by-laws of the society, does not necessarily relieve the sureties where such different designations are intended to indicate one and the same party.

2. PARTIES—*Unincorporated Societies.*—An unincorporated society composed of many persons can maintain an action at law only in the names of all members, however numerous.

**Debt,** upon a bond. Error to the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 21, 1895.

FIFER & PHILLIPS, attorneys for plaintiffs in error.

At common law no suit by or against voluntary unincorporated societies can be maintained, either in the name of the association or of its agents or trustees; such action must be instituted in the name of all its members. But such association may bring a suit, it seems, through an agent properly appointed for that purpose; and likewise, by reason of community of interest, when the members of a voluntary unincorporated association are very numerous, one or more may sue in behalf of all; but in such case the representative capacity must be distinctly and clearly stated in the declaration. 22 Am. and Eng. Enc. of Law, 806–7; Beatty v. Kurtz, 2 Peters (U. S.) 566; Dennis v. Kennedy, 19 Barb. (N. Y.) 519; Wood v. Draper, 4 Abb. Pr. (N. Y.) 322; Beekman Fire Ins. Co. v. 1st M. E. Church, 29 Barb. (N. Y.) 658; Mears v. Moulton, 30 Md. 142; Birmingham v. Gallagher, 112 Mass. 190; Lloyd v. Loaring, 6 Ves. 773; Phipps. v. Jones, 20 Pa. St. 260.

J. E. POLLOCK and A. J. BARR, attorneys for defendants in error.

"The contract of suretyship is always strictly construed in favor of the surety, and it can not be extended by implication beyond the clear and absolute terms of the undertaking. The surety is entitled to stand upon the very terms of his contract, and presumptions and equities are not allowed to change or alter the legal obligation." 24 Am. & Eng. Ency., 749, Sec. 9, and note 1.

MR. PRESIDING JUSTICE PLEASANTS DELIVERED THE OPINION
OF THE COURT.

This was an action of debt on a bond. A general demurrer to the declaration was sustained, and plaintiffs abiding, a judgment was rendered against them for costs, and they bring the case here by a writ of error.

Lamb, the principal, was not served with process and did not appear. The other defendants in error were the sureties. The bond, dated July 9, 1892, was given to an unincorporated society embracing many thousands of members, residing in different States, named in the penal part as the "International Association of Machinists of North America," but in the condition three times as the "International Association of Machinists," while in its constitution and by-laws, as the declaration avers, it calls itself the "Grand Lodge of the International Association of Machinists." It further avers that the association, under its constitution and by-laws, ever since its organization in 1886, had held annual conventions, at which all its members were represented by delegates, and that such conventions exercise, when in session, all the executive powers of the society; that at such a convention, in regular session on May 11, 1892, a constitution was adopted, of which Sec. 4, of Art. 3, was as follows: "All the executive powers of this lodge, when not in session, shall be vested in its executive board, which board shall consist of the grand master machinist and seven trustees," * * * who are to be "elected annually by the convention," * * * which provisions have ever since remained in full force and effect; that at such annual convention, the plaintiffs, on May 9, 1893, were regularly elected—James O'Connell as grand master machinist and the others as the seven trustees, constituting said executive board, and which they still constitute; that the constitution also provided for the election of a treasurer of the society, prescribed his duties and required a bond for their faithful performance; that John J. Lamb was duly elected such treasurer and gave the bond in suit, and as such treasurer received the money sued for, which upon

O'Connell v. Lamb.

the election of his successor he failed to pay over according to the condition of said bond; and that because the members of the society are too numerous to be made parties by name, plaintiffs, by virtue of their membership and the power given them by the constitution as the executive board, bring this suit for the use of all the other members as well as of themselves. It avers the identity of the society they represent with the one variously named in the bond and of which said John J. Lamb was treasurer.

The grounds upon which the declaration was claimed to be insufficient and the demurrer thereto said to have been sustained, were that it sought to enlarge the liability of the sureties beyond the terms of their contract, and failed to show any legal right in the plaintiffs to maintain the action as brought.

It is said to be attempted in the declaration, by averment, to substitute in the bond another and entirely different obligee. As a matter of fact that would depend on the truth of the averment, which is that the different designations of the obligee in the bond and declaration were intended to indicate one and the same party. It is a voluntary, unincorporated association, and therefore has no legal name. The bond itself uses two designations for what it must be presumed to intend as the same party, unless the words "of North America" were used not as part of its designation, but to show its locality. Being "international," it may have taken in Mexico and the Dominion of Canada, but confined to North America.

However that may have been, it appears that the association in its constitution calls itself by the still different designation of "Grand Lodge of the International Association of Machinists;" and the averment, in effect, is that this is the name of the association—that the words "Grand Lodge" in that connection are not used to designate a particular tribunal of the association. Now while proper names are a proper means of identifying persons and parties, and may be *prima facie* sufficient for that purpose, they are not conclusive. Several parties may rightfully bear the

same name, and the same party may commonly go by several names. The latter is especially common with corporations and unincorporated societies. In Chadsey v. McCreery, 27 Ill. 253, the fact in relation to corporations was strikingly noticed, and from 1 Kyd 237 is quoted, "As the name of a corporation frequently consists of several words, the transposition, interpolation, omission or alteration of some of them may make no essential difference in their sense." The body of each of the names here is the same—The International Association of Machinists. If the added words of "North America," as they first appear in the bond, are to be taken as part of the name, we think it must be presumed that by that repeatedly given in the condition, without them, a different party could not have been intended. And if the words "The Grand Lodge of," prefixed in the constitutional name, unexplained, would import another body, does it present any other than a case of latent ambiguity in the bond as respects the obligee? This, we think, is quite a different question from the one presented in Trustees of Schools v. Otis et al., 85 Ill. 179, cited by counsel. The averments in this declaration do not contradict the bond, nor propose the making of a new contract, but to identify the party for whose use the suit is brought with the obligee in the bond, whose treasurer Lamb was, and whose money he is charged with embezzling, and so remove a doubt raised by matter *dehors* the bond. Appellees' counsel have not cited any case upon the question, and we are not prepared to hold upon principle that this is not such an ambiguity as may be met by averment and proof, even as against sureties.

But upon the other ground stated we are of opinion that the demurrer was properly sustained.

The declaration shows that the obligee named in the bond is an unincorporated society, composed of many persons, of whom a few bring this action at law, on the bond, in their own names for the use of all the members. By the rule at common law this is forbidden. It can be maintained only in the names of all, however numerous. There is no

authority, so far as we are advised, for supposing that it has been abrogated or modified in this State. We have considered the cases specially cited, but time would not permit even a cursory examination of the many noted in 22 Am. & Eng. Enc. of Law, 806–7, and appended to the case of Phipps v. Jones, 20 Pa. St. 260, as reported in 59 Am. Decisions, 711. It must suffice to say that we discover no difference of opinion as to the common law rule, and that such of the cases as were not in equity, where it is different, were under statutes, expressly authorizing them. If the law of Illinois did not empower the plaintiffs to maintain this action in their own names alone, of course the constitution of the association could not do it. Judgment affirmed.