## THE INDEPENDENT ORDER OF MUTUAL AID

*v.*

## EMMA J. PAINE.

*Filed at Ottawa November 11, 1887.*

1. ARREST OF JUDGMENT—*after demurrer to declaration is overruled.* After judgment overruling a demurrer to a declaration, there can be no motion in arrest of judgment for any defect in the declaration that could have been taken advantage of on the demurrer.

2. AMENDMENT *of declaration—after verdict—filing additional counts.* There is no error in allowing the amendment of the declaration after verdict, and pending a motion for a new trial, by the filing of additional counts upon the same cause of action upon which the suit was brought.

3. ESTOPPEL—*to deny fact admitted by a party's deed.* In an action against a benefit association, on a beneficiary certificate sealed with the company's seal and signed by its proper officers, which declares the deceased to be a member of the order in a certain lodge, the defendant will be estopped, by the recital in its deed, from showing that the lodge of the deceased was not properly organized.

4. EVIDENCE—*relevancy.* In an action of assumpsit upon a certificate of membership, against a mutual aid association, by the beneficiary of the deceased member, to recover the sum agreed to be paid on his death, the defendant pleaded the general issue and *non est factum.* On the trial the

40—122 ILL.

| 122 | 625 |
| 132 | 166 |
| 33a | 249 |

| 122 | 625 |
| 133 | 548 |

| 122 | 625 |
| 37a | 317 |

| 122 | 625 |
| 50a | 587 |
| 52a | 59 |

| 122 | 625 |
| 57a | 286 |
| 57a | 668 |
| 58a | 195 |

| 122 | 625 |
| 60a | 218 |
| 60a | 264 |

| 122 | 625 |
| 68a | 660 |

| 122 | 625 |
| 70a | 553 |

| 122 | 625 |
| 173 | 102 |

| 122 | 625 |
| 81a | 597 |

| 122 | 625 |
| f188 | ²218 |
| f188 | ²219 |

| 122 | 625 |
| 95a | ¹338 |

| 122 | 625 |
| 99a | ²568 |

| 122 | 625 |
| 107a | ²154 |

defendant offered to prove that the lodge of which the deceased was a member, had not been properly organized, although it had received its charter, and, as a body, was acting under it, with the knowledge and sanction of the defendant association: *Held,* that the proposed evidence was not pertinent to the issues, under the pleas, and was irrelevant, as not tending to show any defence to the action.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of La Salle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

Mr. A. J. HOPKINS, Mr. F. H. THATCHER, and Mr. N. J. ALDRICH, for the appellant:

The declaration charges that the sum of $2000 was to be paid on certain conditions,—the due notice and proof of the death of Paine, and the surrender of the certificate,—none of which are alleged to have been performed. Without performance of these conditions no recovery can be had. 1 Chitty's Pl. 352; *Goodrich* v. *Van Nortwick,* 43 Ill. 445; *People* v. *Glann,* 70 id. 234.

The court erred in allowing the amendment to the declaration except upon just and reasonable terms. · (Practice act, sec. 24.) Section 26 of that act contemplates that amendments shall be made before verdict.

The court erred in refusing to allow evidence showing that the lodge of the deceased had not been properly organized.

Mr. L. W. BREWER, and Mr. JOHN W. BLEE, for the appellee:

After demurrer to the declaration, the motion in arrest was too late. *Mix* v. *Nettleton,* 29 Ill. 245; *Express Co.* v. *Pinckney,* id. 245; *Coal Co.* v. *Hood,* 77 id. 68.

The declaration alleged proof of the death, and a readiness and willingness to surrender the certificate, and this was sufficient. *Life Ins. Co.* v. *Kellogg,* 82 Ill. 614.

As to the right to amend the declaration, see *McCullom* v. *Railroad Co.* 94 Ill. 534; *Insurance Co.* v. *Trust Co.* 1 Bradw. 391; *Drake* v. *Drake,* 83 Ill. 526.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

Emma J. Paine, the appellee, on the 17th day of April, 1886,. recovered a judgment in the La Salle circuit court, against the Independent Order of Mutual Aid, for the sum of $2499, and costs of suit. The action was assumpsit, brought on the following beneficiary certificate:

*"GRAND LODGE,*

INDEPENDENT ORDER OF MUTUAL AID.

*No. 3596.* { Printed Seal of Grand Lodge } *$2000.*

STATE OF ILLINOIS.

"This certificate, issued by authority of the Grand Lodge of Illinois, Independent Order of Mutual Aid, witnesseth:

"That Brother Lucius B. Paine is a member of this order, in Rising Star Lodge, No. 88, located at Earlville, in the State of Illinois, and entitled to all the rights and privileges of membership in the Independent Order of Mutual Aid, and to participate in the mutual aid fund of the order to the amount of $2000, with accrued mutual aid assessments, upon due notice and satisfactory proof of his death, and the surrender of this certificate, legally receipted, which sum will be paid as a benefit, to his wife, Emma J. Paine, as he has directed in his application for this certificate:

*"Provided,* this certificate is issued expressly in consideration that all the representations made by said Lucius B. Paine in his application and accompanying statements now on file in the office of the Grand Secretary are *true,* and that all lawful assessments shall be promptly paid, and that the said Lucius B. Paine shall, in every particular, comply with and abide by all the laws, rules and regulations of the order which now exist or which may hereafter be adopted by the Grand Lodge of the State of Illinois; *and provided further,* that the said Lucius B. Paine shall be in good standing in the order at the time of his. death.

In witness whereof, the Grand Lodge of Illinois has caused the Grand President to sign, and the Grand Secretary to attest, these presents, and affix hereto the seal of said Grand Lodge this 8th day of January, 1881.

J. V. LANGLEY, *Grand President.*

Attest: ALEXANDER McLEAN, *Grand Secretary.*

No. 3. Countersigned, sealed and delivered by the president and presiding secretary of Rising Star Lodge, No. 88, I. O. M. A., this 11th day of January, 1881.

J. C. McDONOUGH, *President.*

JOHN D. DOW, *R. Secretary.*"

A demurrer to the declaration having been overruled, the defendant interposed the plea of the general issue sworn to, and of *non est factum.* The cause was tried before the court and a jury with the result stated, upon the issues presented by these pleas. The judgment having been affirmed by the Appellate Court for the Second District, the defendant prosecuted an appeal to this court, and has assigned various errors on the record.

Some ten or eleven pages of appellant's brief are occupied in an effort to show that the circuit court erred in refusing to sustain appellant's motion in arrest of judgment, on account of the alleged insufficiency of the declaration, and this, notwithstanding the court. had previously overruled a general demurrer to it. There is probably no principle of law more elementary in its character, or better established, than that such motion is not available under the circumstances stated. In 2 Tidd, 825, it is said: "After judgment upon demurrer, there can be no motion in arrest of judgment for any exception that might have been taken on arguing the demurrer." *American Express Co.* v. *Pinckney,* 29 Ill. 405, and *Quincy Coal Co.* v. *Hood, Admr.* 77 id. 68, recognize the same doctrine.

The circuit court was therefore clearly right in overruling the motion.

After the verdict was in, and pending a motion for a new trial, the court permitted the plaintiff to file two additional counts to the declaration, and this is complained of and urged as a ground for reversal. The point is not well taken. It is manifest the defendant was not prejudiced by it. The only possible effect it could have had, was to so perfect the declaration as to enable the plaintiff to recover on the claim for which the action was intended to be brought, and this the court clearly had the right to allow to be done, by the express provision of the 24th section of the Practice act. Had the new counts been based upon some new cause of action, and evidence heard in support of them, quite a different question would be presented; but nothing of that kind is claimed, nor is there any ground for such a claim. The action was upon the contract set forth in the certificate, which the defendant had issued to the deceased husband of the plaintiff for her benefit, and the record shows conclusively that the recovery was upon that, and on nothing else.

Complaint is also made that the circuit court erred in refusing to admit testimony tending to show that the Rising Star Lodge was not fully organized at the time the certificate sued on was issued. This was but an attempt to attack the corporate existence of the Rising Star Lodge in a collateral proceeding. Without stopping to consider whether this, under any circumstances, would be permissible, it was clearly not so under the pleadings and facts in this case. The action was assumpsit, brought on a written certificate, sealed with the company's seal, signed by its president, and duly attested by its secretary, and on the face of which it is declared that "brother Lucius B. Paine (the plaintiff's husband,) is a member of this order, in Rising Star Lodge, No. 88, located at Earlville, in the State of Illinois," etc. As already seen, the only pleas interposed were those of *non assumpsit* and *non est*

*factum.* This simple statement of the facts affords two complete answers to the position of appellant: First, the defendant was, by its own deed, estopped from alleging that which it proposed to prove; second, the evidence offered was not pertinent to the issues raised by the pleas. Conceding the organization of the Rising Star Lodge to have been defective, as claimed, it would have afforded no answer to the action. It had received its charter, and, as a body, was acting under it, with the knowledge and sanction of the defendant. This was sufficient to bind the latter.

Other rulings of the court on questions of evidence are complained of, but the objections urged, we think, are without merit, and not of sufficient importance to require special notice. As to the court's rulings upon the instructions to the jury, we find nothing in them requiring a reversal of the judgment.

After a careful examination of the record, we have no doubt but that substantial justice has been done, and we are fully satisfied with the conclusion reached by the lower courts.

*Judgment affirmed.*