# Ellen Fields v. United Brotherhood of Carpenters and Joiners.

1. BENEFICIARY SOCIETIES—*Law of Notice.*—The rules of law relating to notice of assessments by incorporated insurance companies and benefit societies are applicable to unincorporated aggregations of individuals (United Brotherhood of Carpenters and Joiners of America,) whose object is to secure better wages, etc., with incidental constitutional provisions relating to benefits in case of sickness or death.

2. NOTICE—*When it Must be Personal.*—When the constitution and by-laws of a benefit society provide for notice to be given to delinquent

Fields v. United Brotherhood Carpenters & Joiners.

members, but contain nothing showing how such notice is to be given, in order to insist on a forfeiture, the notice must be personal, or if by mail, proof of the actual delivery must be made by the party insisting upon the forfeiture.

3. BENEFICIARY SOCIETIES —*Notice of Assessments.*—If the laws of a beneficiary society provide that members shall be notified of assessments but do not state how they are to be notified, the notice must be personal and actual.

4. ESTOPPEL—*To Deny Corporate Existence.*—When an association of persons holds itself out to the public as operating in a particular line of business, under a name which imports a corporation, and in that name contracts with individuals, it is estopped, as to such individuals, to deny its corporate existence.

5. SAME—*Applies to Third Persons.*—In an action brought by the widow of a deceased member of a beneficiary association, the rule that the association is estopped to deny that it is a corporation, applies.

6. CORPORATIONS—*When Estopped to Deny Corporate Existence.*—Where an organization of persons has been using a name which indicates a corporate existence, and under which it has transacted business, it can not be permitted to defend an action growing out of such business on the ground that it is not a corporation.

Assumpsit, for a death benefit in a beneficiary association. Error to the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding. Heard in this court at the February term, 1895. Reversed and remanded. Opinion filed August 31, 1895.

WM. P. LAUNTZ and M. MILLARD, attorneys for plaintiff in error.

ENLOE & NEUSTADT, attorneys for defendant in error.

MR. PRESIDING JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Plaintiff in error's husband, George W. Fields, became a beneficiary member of the local union of defendant in error at East St. Louis, on November 25, 1889, and continued to be a member in good standing until the time of his death, on October 26, 1893, unless his standing or right to benefits was forfeited for non-payment of dues or assessments for July, August and September, under section 89 of defendant in error's constitution. This section, which must be construed in order to a decision of this case, is as follows:

" Any member indebted to his local union for any sum equal
to two months' dues shall be notified by the financial secre-
tary, and when owing a sum equal to three months' dues shall
be considered in arrears, and will not be eligible to any
benefits until three months after all his arrearages are paid
in full."

If, in determining whether or not a member is in arrears,
and therefore not eligible to benefits under this section, the
clause with reference to notice may be omitted or disregarded,
then the court below did not err in holding the proposition
of law presented by defendant in error, or in rendering judg-
ment accordingly.  If, on the other hand, this clause is a
substantial and mandatory part of section 89, and a condition
precedent to the loss of a right to benefits, then the court
erred in holding this proposition of law; and if, further-
more, the notice required must be personal, or if by mail,
actually delivered, then the court erred in rendering judg-
ment in favor of defendant in error.

No authorities have been referred to by either party
having a direct bearing on this question.  Defendant in
error seems to contend that, although in the case of in-
surance companies the giving of the notice might be held
to be indispensable, it is not so with reference to defendant
in error, which, it is contended, is not an insurance com-
pany, or even a benefit society, but an aggregation of in-
dividuals whose object is to secure better wages, etc., with
some incidental constitutional provisions relating to benefits
in case of sickness or death.

It is true that defendant in error is not an insurance com-
pany, or even a society such as the I. O. M. A., or A. O. U.
W., which issue certificates to its members having the
effect of insurance policies.  But defendant in error assesses
its members and agrees to pay them certain amounts in case
of sickness or death, and the right to receive these benefits,
though small, may be a valuable one to many men and
should be as jealously guarded by the courts as if the right
were for a larger sum, or evidenced by a policy or certificate.
A loss of benefits under the provisions of section 89 should

Fields v. United Brotherhood Carpenters & Joiners.

not be declared unless such loss results from a construction which gives proper effect to every clause of the section.

If the clause with reference to notice means something, what does it mean ? Why should the members be notified at all ? It is said that the members of such associations are bound to take notice of the constitution and by-laws, and that notice to them of arrearages need not be given. But this is not the question. The constitution says that notice shall be given, and the question is, what is the meaning of this language? We are of the opinion that notice is required to be given in order that the member may be warned of the fact that he owes two months' dues and may avoid a loss of benefits by paying what he owes, and that, if the notice is not given, the member does not lose his right to benefits simply because another, that is, a third month's dues may become chargeable and remain unpaid. In other words, section 89 should be read as follows : Any member indebted to his local union for any sum equal to two months' dues shall be notified by the financial secretary, and when owing (after having been so notified) a sum equal to three months' dues, shall be considered in arrears, and shall not be eligible to any benefits until three months after all arrearages are paid in full.

It is alleged, however, that even if this construction is correct, notice was given by mail to George W. Fields during the first week of September, and that the provision that notice must be given has been fully complied with. The court below, sitting as a jury and passing upon the evidence, would have been justified in finding that a card or letter was deposited in the postoffice, though the evidence of this is not positive. But there is no evidence to show that the card or letter was stamped, or that it was delivered to George W. Fields. On the contrary, the testimony of plaintiff in error tends strongly to show that the notice was not received by her husband. However this may be, we hold that, under Sec. 89, the notice must be personal, or, if not personal, must be actually delivered, and that in the latter case, proof of the actual delivery must be made by the party insisting upon the forfeiture.

There is nothing in the constitution or by-laws to show *how* this notice must be given. It is true that Sec. 88 of the constitution requires every member to keep the financial secretary notified of his place of residence and of the changes in respect thereto. But this is not equivalent to saying that the notice mentioned in Sec. 89 is to be given by mail. There are other reasons why the financial secretary should know where the members reside. In case of the sickness of any member, it is the duty of the financial secretary, under the by-laws, to " notify two members each night, if he deems it necessary," to nurse the sick brother. This means a personal notice, and requires a knowledge of the place of residence of every member. Besides, such knowledge would be as necessary for the purpose of giving notice in person as by mail. Hence Sec. 88 has no necessary bearing on the giving of the notice mentioned in Sec. 89.

It is said, however, that section 9 of the by-laws provides that notice shall be given by mail. This is true. But to what does this notice relate ? By its very terms to a special assessment, and not to the ordinary dues or assessments.

Thus it appears that there is nothing in the constitution or by-laws to show how the notice mentioned in section 89 must be given. In such cases the law is plain. "If the laws of the society provide that the member be notified of assessments, but do not state how he shall be notified, the notice must be personal and actual." Bacon on Benefit Societies and Life Insurance, Sec. 381, citing Wachtel v. Noah Widows and Orphans Society, 84 N. Y. 28; Borgraefe v. Supreme Lodge Knights and Ladies of Honor, 22 Mo. App. 127; Siebert v. Chosen Friends, 23 Id. 268, and Castner v. Farmers' Mutual Fire Insurance Company, 50 Mich. 273.

In the Castner case, *supra*, the charter required that the members should be " notified by the secretary, or otherwise, either by circular or verbal notice." In construing this language, the Michigan Supreme Court, with such eminent jurists as Cooley, Graves and Campbell on the bench, unanimously say: " This provision is not that notice or informa-

tion shall be mailed, or sent, or forwarded. The members are to be 'notified,' that is, informed; to have made known to them the fact of the assessment; and this is permitted to be done either by oral statements to the members, or by delivering to them of written statements through the agency of the postoffice, or some other."

But the cap-sheaf of the argument remains to be put in place. The Supreme Court of this State have held that in the absence of any stipulation in the certificate of insurance issued by a mutual benefit society as to the manner in which notice of assessment shall be given, personal notice thereof will be required. Northwestern Traveling Men's Association v. Schauss, 148 Ill. 304. The principle in that case and in the case at bar is the same. The fact that insurance is the primary object of the one and the secondary object of the other does not change the rule, nor is it material whether the notice relates to one assessment to be paid within a certain time, or to two assessments past due, provided the nonpayment of the latter upon receipt of the notice may become the basis of a forfeiture.

Another question is presented for our consideration. It is said that defendant in error is not a corporation, and that, for this reason, if for no other, the present suit can not be maintained. The record shows that defendant in error was sued as a corporation and made two motions to quash the service, and demurred to the declaration, appearing in each instance under the name by which it had been sued.

A similar question which arose in United States Express Company v. Bedbury, 34 Ill. 459, was disposed of in the following words: "This, then, presents the question whether this is a corporation. Plaintiff in error appeared to the suit by the name of the 'United States Express Company,' and this is a sufficient admission that such is their name. In the case of Henriques v. Dutch West India Company, 28 Raym. 1535, it was held that the name of the company imported a corporation. And the same rule has been announced or recognized in the courts of New York in the case of Stoddard v. Onondaga Conference, 12 Barb. 570;

Kennedy v. Cotton, 28 Id. 62. These cases show that such a name imports a corporation. It seems to comport with reason that when an association of persons assumes a name which implies a corporate body, and exercises corporate powers, they should not be heard to deny that they are a corporation. When they do act and contract they are estopped from denying their corporate liability."

In Clarkson et al. v. The Erie & North Shore Dispatch et al., 6 Bradw. 284, it is said : "We held it to be a sound rule of law, resting upon the clearest principle of justice, and supported by authority, that when an association holds itself out to the public as operating in a particular line of business, under a name that argues or imports a corporation, and in that name contracts with individuals, then, as to all such persons with whom it thus contracts it shall be estopped from denying its corporate existence. United States Express Co. v. Bedbury, 34 Ill. 459; Callender v. Painsville & Hudson R. R. Co., 11 Ohio State 516; Dooley v. Cheshire Glass Co., 15 Gray, 494; Bigelow on Estoppel, 462.

In Supreme Lodge A. O. U. W. et al. v. Zuhlke, 30 Ill. App. 98, it is said that the "appearance of the appellants by names importing corporations, are admissions by them severally that they are corporations."

In Bacon on Benefit Societies and Life Insurance, Section 41, it is said: "The same rule applies to the members of an acting corporation, the organization of which, however, is defective, as to parties who have contracted with a corporation as such, and, after having received the benefit of the contract, seek to avoid it on the ground that it had no authority to contract in a corporate capacity; the right of a member to pecuniary benefit from the association by virtue of his membership must stand upon the basis that it is a corporation *de facto.*"

In the Independent Order of Mutual Aid v. Paine, 122 Ill. 625, it is held that, in an action against a benefit association on a beneficiary certificate sealed with the company's seal and signed by its proper officers, which declares the deceased to be a member of a certain lodge, the defendant

Fields v. United Brotherhood Carpenters & Joiners.

will be estopped, by the recital in its deed, from showing that the lodge of the deceased was not properly organized.

While the foregoing authorities may not present a case precisely like the one at bar, yet they have an important bearing upon the present case. This is an action of assumpsit, brought by one who was not herself a member of the local union, but who is entitled to certain benefits by reason of her husband's membership therein. In theory of law defendant in error is indebted to this woman as if upon a contract made between them. She is a third party in reality, though claiming rights by virtue of her husband's relationship to the organization. Defendant in error has been wearing a name which indicates corporate existence, and under this name has transacted business, has established local unions, and has assumed to pay the beneficiary members of those unions certain amounts in case of sickness or death. To permit defendant in error now to defend on the ground that it is not a corporation would be to allow such an organization to act in many particulars as a corporate body and thus increase its membership and influence, and yet escape all liability in the courts for a failure to comply with its promises to its members and their widows. The headquarters of the defendant in error are at Philadelphia, Pennsylvania, and if the suit can not be maintained in the present form, it is probable that plaintiff in error will be without an available remedy. To compel her to sue the individuals composing this association would be a virtual denial of justice. Of what advantage is it to have a remedy when the forum is removed to such a distance and the proceeding made so expensive as to debar nine out of ten from the maintenance of their rights? " Every person ought to find a certain remedy in the laws for all injuries and wrongs which he may receive in his person, property or reputation; he ought to obtain, by law, right and justice freely, and without being obliged to purchase it, completely and without denial, promptly and without delay." Constitution of 1870, Art. II, Sec. 19.

A fair construction of the foregoing authorities, and ap-

plication of the principles deducible therefrom to the facts of this case, justifies us in holding that defendant in error is estopped to deny that it is a corporation.

For the errors indicated, the judgment of the City Court is reversed and the cause remanded.