John J. Cahill, Appellant, v. Plumbers, Gas and Steam Fitters' and Helpers' Local 93, and United Association of Plumbers, Gas and Steam Fitters' and Helpers' Local 769, Appellees.

### Gen. No. 7,466.

1. PARTIES—*common-law rule.* In view of Cahill's St. ch. 28, the rule of the common law on the subject of parties must control unless repealed by some other statute.

2. ASSOCIATIONS—*parties at common law.* At common law, a voluntary unincorporated association cannot be sued in its association name, but all of its members must be named as defendants.

3. COMMON AND CIVIL LAW—*repeal of common law.* Under Cahill's St. ch. 28, providing that the common law should be in force until repealed by legislative authority, it cannot be repealed by judicial decisions.

4. ASSOCIATIONS—*common-law rule as to actions against in own name not repealed.* Bill of Rights, sec. 19, cannot be construed as repealing the common-law rule that a voluntary unincorporated association cannot be sued in its association name.

5. COURTS—*effect of decisions of United States Supreme Court.* In respect to questions of general law over which the State court

124    APPELLATE COURTS OF ILLINOIS.

Cahill v. Plumbers, etc., Local 93 et al., 238 Ill. App. 123..

has complete and final jurisdiction, the decisions of the United States Supreme Court are merely persuasive authority and not binding precedents, and if it would be necessary for the highest court of a state to overrule its former decisions in order to conform to the views of the federal tribunal, it is its duty to adhere to its former decisions.

6. ASSOCIATIONS—*parties in equity by representation.* In equity a suit cannot be brought merely against a voluntary association in its association name, but the suit is brought against all members of a group, by representation, for purposes of equitable convenience, and is permitted only in equitable proceedings.

7. APPEAL AND ERROR—*waiver of defect of parties.* If a voluntary association has been sued in its association name and has made no objection in the trial court, the incapacity is waived and the objection cannot be urged on review.

8. TRADE UNIONS—*as party defendant.* A trade union, an unincorporated association, cannot be sued in its association name, but all the members must be made parties defendant, in view of Cahill's St. ch. 28, notwithstanding statutes relating to arbitration: Bill of Rights, sec. 19, Trade-mark laws, sec. 5, Cahill's St. ch. 140, ¶ 5; Uniform Partnership Act, ¶ 6, Cahill's St. ch. 106a, ¶ 6; Practice Act, ch. 110, sec. 13, Cahill's St. ch. 110, ¶ 13; Cahill's St. ch. 38, ¶ 196.

9. PARTNERSHIP—*suit against in firm name.* Notwithstanding Practice Act, ch. 110, sec. 13, Cahill's St. ch. 110, ¶ 13, permitting nonresident partnerships to be sued in their partnership names, a suit against a resident partnership must be against the members as partners.

10. PARTNERSHIP—*labor union as.* An unincorporated labor union is not a partnership, in that it is not engaged in business nor operating for financial profit.

11. CONSPIRACY—*showing as to authority of business agent to call strikes.* In action against labor unions for conspiracy to injure plaintiff, declaration, based on theory business agents were duly authorized to do what they did, must affirmatively show scope of their authority, and that conspiracy to injure by calling strikes was entered into within the scope of the authority so set out.

12. PLEADING—*conclusions.* Allegation that unlawful things were done while agents of labor unions were acting within the scope of their authority was mere conclusion of pleader, where the unlawful acts alleged were not included in the scope of authority as set out by the pleader.

13. TRADE UNIONS—*union as legal entity.* Labor unions, being voluntary unincorporated associations, are not legal entities.

Cahill v. Plumbers, etc., Local 93 et al., 238 Ill. App. 123.

Appeal by plaintiff from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in this court at the December term, 1923. Affirmed. Opinion filed July 20, 1925.

SIMS, WELCH, GODMAN & DE YOUNG, ELAM L. CLARKE and S. E. QUINDRY, for appellant.

HOPE THOMPSON, by special appearance, for appellees.

MR. JUSTICE JETT delivered the opinion of the court.

John J. Cahill, appellant, brought an action in tort in the circuit court of Lake county against the Plumbers, Gas and Steam Fitters' and Helpers' Local 93, and United Association of Plumbers, Gas and Steam Fitters' and Helpers' Local 769, both local labor unions and a number of individuals as officers, business agents and members of the local unions.

Appellant's declaration, among other things, alleged that he was engaged in the business of plumbing and heating contracting, with his principal place of business in Evanston, Illinois, and that he was engaged in the performance of a contract with Edward R. Jones for the installation of the plumbing fixtures and heating system in the residence which was then being erected by Jones in Highland Park, Illinois; that defendant Daniel Short, acting on behalf of himself and as the duly authorized agent of the United Association of Plumbers, Gas and Steam Fitters' and Helpers' Local 769 and other defendants, and the defendant John P. O'Brien, acting for and on behalf of himself and as the duly authorized agent of the Plumbers, Gas and Steam Fitters' and Helpers' Local 93 and other defendants, conspired to induce and coerce Jones, by threats, intimidations and the calling or procuring of strikes, to breach the building agreement between him and appellant unless appellant would withdraw from his affiliation with a certain citizen's committee and would agree to thereafter em-

ploy in the City of Chicago, in the county of Cook, union or closed-shop men only; that O'Brien and Short, in furtherance of the conspiracy and while acting within the scope of their authority as such agents, wilfully and maliciously, by threats, intimidations and procuring a strike of union men employed on said building, induced, coerced and compelled Jones to breach the building contract and to refuse to permit appellant to complete the same, to the damage of appellant. The declaration is based upon the theory that the business agents who were representing the local unions were duly authorized to do what they did, and not only conspired but carried out their conspiracy against appellant while acting within the scope of their authority, and thereby bound the principals for whom they were authorized agents.

The two local unions filed demurrers to the declaration, in which demurrers two points were raised: First, that the local unions, being voluntary, unincorporated associations, are not legal entities, and cannot be made parties defendant in their association names in a suit at common law; and second, that the declaration does not set out facts constituting a cause of action against the local unions. The court sustained the demurrers of the two local unions, and appellant then took a nonsuit as to the individual defendants, and having stood by his declaration, the suit was dismissed and judgment for costs was rendered against him.

An appeal was prayed and perfected to the Supreme Court on the ground that a constitutional question was involved. The Supreme Court being of the opinion that no constitutional question was raised by the pleadings the cause was transferred to this court.

The question raised on this record by the demurrer to the declaration is whether or not this suit can be maintained against the defendants, unincorporated associations, in their association or union names.

By reason of chapter 28 of the Revised Statutes of Illinois [Cahill's St. ch. 28] the common law is the rule of decision in this State in proceedings of this character and should be considered in full force until repealed by legislative authority. The question of parties to a lawsuit is always one of the first considerations, not as a mere matter of procedure, but as one of the basic elements of litigation going to the jurisdiction of the court. The rule of the common law on the subject of parties must control in this State, under the foregoing statute, unless the rule has been repealed by the legislature.

At common law, a voluntary, unincorporated association cannot be sued in its association name. In 5 Corpus Juris, p. 1365, the rule is stated as follows:

"Since an unincorporated association has no legal entity distinct from that of its members it cannot at common law maintain an action in its own name, but must sue in the names of all of the members comprising it, however numerous they may be."

On page 1368, in said volume, the following rule is announced:

"The declaration in an action at common law by an unincorporated association should set out the names of all the individuals who are members of such association, and this also seems to be necessary in a bill in equity by such associations, except where the suit is brought by a part of the members on behalf of the association."

On page 1369, the same authority says:

"An unincorporated association cannot, in the absense of statute, be sued in its society or company name, but all the members must be made parties, since such bodies have, in the absence of statute, no legal entity distinct from that of their members. As just intimated, the members may be sued collectively, provided there is a joint liability."

In 30 Encyl. of Law and Prac. p. 132, it is said:

"The rule at common law and in equity required that all parties to an action should appear in it, as plaintiff or defendants, and by their individual names. From this rule equity procedure, in the interest of convenience, permitted a number of deviations, and among them the two following: One or more persons might sue or defend for all 'where the question is one of a common or general interest,' or when 'the parties are very numerous and it is impractical to bring them all before the court.''

In *O'Connell v. Lamb*, 63 Ill. App. 652, it is said:

"The declaration shows that the obligee named in the bond is an unincorporated society, composed of many persons, of whom a few bring this action at law, on the bond, in their own names for the use of all the members. By the rule at common law this is forbidden. It can be maintained only in the names of all, however numerous. There is no authority, so far as we are advised, for supposing that it has been abrogated or modified in this State. We have considered the cases specially cited, but time would not permit even a cursory examination of the many noted in 22 Am. & Eng. Enc. of Law, 806-7, and appended to the case of *Phipps v. Jones*, 20 Pa. St. 260, as reported in 59 Am. Dec. 711. It must suffice to say that we discover no difference of opinion as to the common-law rule, and that such of the cases as were not in equity, where it is different, were under statutes expressly authorizing them. If the law of Illinois did not empower the plaintiffs to maintain this action in their own names alone, of course the constitution of the association could not do it.''

The same doctrine is announced in *Merchants Underwriters v. Parkhurst-Davis Mercantile Co.*, 131 Ill. App. 617-620.

In *Baskins v. United Mine Workers*, 150 Ark. 398, 234 S. W. 464, which is a case growing out of the same subject matter as was involved in the *Coronado Coal Co.* case in the federal court, the court said:

"There is no principal better settled than that an unincorporated association cannot, in the absence of a statute authorizing it, be sued in its society or com-

pany name, but all the members must be made parties, since such bodies have, in the absence of statute, no legal entity distinct from that of their members.''

*St. Paul Typothetæ v. St. Paul Bookbinders' Union,* 94 Minn. 351, is a suit by one unincorporated association and a corporation, against another unincorporated association and the members thereof, to recover damages for breach of contract. Demurrers were interposed, and the court at page 356, among other things, said:

''The Typothetæ and Bookbinders' Union, so far as their legal status is concerned, occupy the same position. Both are unincorporated voluntary associations, and the principles of law applicable generally to unincorporated clubs and societies apply to each. The position such organizations occupy under the law is a question upon which the courts are not fully agreed. It is generally acknowledged that they are *sui generis,* but the courts have had difficulty in agreeing upon the legal principles to apply to them.   *   *   *

''But whatever may be the law applicable to such associations generally, there is one respect in which the authorities are agreed, and that is that at common law they are not, whether organized for business or other purposes, entitled to recognition in the courts in their association name. It is well settled that, in the absence of a statute otherwise providing, to be entitled to conduct judicial proceedings in court, a party litigant must be either a natural or artificial person. The rule is correctly stated in 22 Ency. Pl. & Prac. 230, where, in speaking of unincorporated societies such as those here involved, it is said that such societies cannot maintain an action in their association name, but must sue in the name of the individuals composing them, however numerous they may be. Such societies, in the absence of statutes recognizing them, have no legal entity distinct from that of their members. The rule is followed by an unbroken line of authorities, though a different rule has been applied in many of the courts in actions purely of an equitable nature.''

Many authorities are cited to support the above rule.

It is the contention, however, of appellant that the common-law rule has been repealed by implication. The legislature has not enacted any statute which purports to repeal or modify the common law on this subject, as many other States have done. The effect of the argument of appellant is that at common law he cannot maintain his suit, and his whole contention in this case, to our minds, rests upon one question: Has the common law been repealed by implication?

Chapter 28 of the Revised Statutes provides that the common law should be in force until repealed *by legislative authority*. It cannot be repealed by judicial decisions.

Appellant insists: First, that an exception to the common-law rule has grown up from the very necessities of the cases until it has been adopted by court decisions as a rule.

Second, that the bill of rights effects a repeal of the common-law rule on this subject.

Third, that certain statutes have so far recognized the existence of labor unions as to constitute a repeal by implication of the common law in this respect.

If any court decisions in Illinois have adopted the rule urged by appellant they have done so without lawful authority and are to that extent erroneous. Section 19 of the Bill of Rights cannot be construed to have the effect for which appellant contends. The statutes cited and relied upon do not repeal, directly or by implication, the common-law rule contended for by appellees.

We will briefly examine the cases relied upon by appellant in support of his position. *United Mine Workers v. Coronado Coal Co.*, 259 U. S. 344, was a suit in the federal court brought under the Sherman Act, which statute specifically includes ''associations'' among those who may be sued. The decision did not rest solely upon that provision of the statute however. The reasoning of the U. S. Supreme Court in the

*Coronado* case is that the growth, power and statutory recognition of labor unions has brought about a condition which renders it necessary that they be regarded as legal entities in suits for damages. That court then proceeds to establish a new and far-reaching rule in federal courts. The *Coronado* case does not repeal the common-law rule in Illinois. It does not set a precedence for Illinois courts nor does it furnish the slightest authority in support of appellant's claim that the common-law rule in Illinois has been repealed by implication. The federal government has never enacted a statute, so far as we know, as Illinois has done, making the common law the rule of decision in federal courts until repealed by legislative authority.

In the *Coronado* case the following language is found:

"Undoubtedly, at common law, an unincorporated association of persons was not recognized as having any other character than a partnership in whatever was done, and it could only sue or be sued in the names of its members and their liability had to be enforced against each member."

Moreover, it is the rule in Illinois that in respect to questions of general law over which the State court has complete and final jurisdiction, the decisions of the Supreme Court of the United States are merely persuasive authority and not binding precedents, and if it would be necessary for the highest court of a State to overrule its former decisions in order to conform to the views of the United States Supreme Court on such questions it is its duty to adhere to its former decisions. *Rothschild & Co. v. Steger & Sons Piano Mfg. Co.*, 256 Ill. 196-205.

*Guilfoil v. Arthur,* 158 Ill. 600, was a suit in equity. Courts of equity have long recognized, *as an exception to the rule in suits at law,* that when suit is brought in equity against a group of persons composing a voluntary association, service may be had on representa-

tive members or officials of the association who are sued on behalf of themselves and of all other members. In equity, a suit cannot be brought merely against a voluntary association in its association name. There is no assumption of a legal entity; it is a suit against all members of a group, by representation, for purposes of equitable convenience, and is permitted only in equitable proceedings. This case in our judgment does not support the position of appellant.

*Fitzpatrick v. Rutter,* 160 Ill. 282, likewise was a suit in equity seeking to collect a judgment rendered in a former suit at law. The court was speaking from an equity viewpoint and all it said was affected by the equitable nature of the suit. Furthermore, it has been frequently held that if a voluntary association has been sued in its association name and has made no objection in the trial court the incapacity is waived and the objection cannot be urged on review. *Franklin Union No. 4 v. People,* 220 Ill. 355-364. Neither can the question of incapacity be raised in a collateral proceeding and these propositions apply to the *Fitzpatrick* case and eliminate it entirely as an authority for the position urged by the appellant.

*Dugan v. International Ass'n,* 222 Ill. App. 308, turned on the question of estoppel. Like the *Fitzpatrick* case the association had been operating as a legal entity; the suit was on contract and there appeared to be some doubt as to whether the association was not incorporated in another State. The court relied upon the *Fitzpatrick* and the *Guilfoil* cases referred to above. What has been said about the *Fitzpatrick* case disposes of this case.

*Fields v. United Brotherhood of Carpenters & Joiners,* 60 Ill. App. 258, and *Independent Order Mut. Aid v. Paine,* 122 Ill. 625, are of the same character as the *Dugan* case. In none of them is it held that a labor union can be sued in tort in its association name. The two cases rest solely on the doctrine of estoppel, and

are suits on contract which the defendant association had entered into as if it were a legal entity.

*Anderson & Lind Mfg. Co. v. Carpenters' Dist. Council,* 308 Ill. 488, was a contempt proceedings on the equity side of the docket. No objection had been raised in the original suit as to the capacity of the defendant and the court held that the objection could not thereafter be raised in contempt proceedings.

The rule announced in *Ruddy v. United Ass'n of Journeymen Plumbers, etc.,* 79 N. J. L. 467, 75 Atl. 742, cannot be regarded as authority in sustaining appellant's contention because it does not appear that any objection was raised as to the capacity of defendant unions, and, under the general rule, the objection was waived.

*Carlson v. Carpenter Contractors' Ass'n of Chicago,* 305 Ill. 331, was a suit in tort but no objection was at any time raised as to the capacity of the parties.

Appellant also insists that section 19 of the Bill of Rights effects a repeal of the common law by implication, on the ground that to enforce the common law would result in a failure of justice.

Aside from the fact that section 19 of the Bill of Rights does not purport to repeal any law, and by all the rules of statutory construction could not be interpreted as appellant contends, it is to be considered that in all these years it has never been so interpreted, and that to so interpret it now would open the doors to much uncertainty and lead to confusion without limit.

Appellant also calls attention to certain statutes which he contends have the effect of repealing the common law by implication. The first relates to a board of arbitration in disputes between employers and employees, one of whom shall be a member of "some labor organization." The statute also provides that the president or chief executive officer of every labor organization should take certain steps in

134    APPELLATE COURTS OF ILLINOIS.

Cahill v. Plumbers, etc., Local 93 et al., 238 Ill. App. 123.

case of a strike or lockout. The board acts, however, only on the voluntary application of either the employer or a majority of the employees. The most that can be claimed for this statute is that it recognizes the existence of labor organizations. The fact of recognition falls far short of repealing the common law which has always recognized the existence of voluntary associations as such.

The second statute cited is that relating to trademarks. Appellant contends that this statute "recognizes associations and unions as organized entities with power to proceed by suit," etc. This statute does not sustain the theory of appellant. The reading of it refutes the position assumed by him. Section 5 of said Act [Cahill's St. ch. 140, ¶ 5] states:

"In all cases where such association or union is not incorporated, suits under this act may be commenced and prosecuted by any officer or member of such association or union on behalf of and for the use of such association or union."

This is a clear and definite recognition of the incapacity of a voluntary association to sue as an association. It sustains appellees' position in this case, being a positive recognition of the common law on this subject.

Appellant also cites the Uniform Partnership Act. We are unable to see wherein this act sustains the theory of appellant. Paragraph 6 of said Act [Cahill's St. ch. 106a, ¶ 6] carefully and concisely defines the partnership under consideration, and strictly limits the provisions of the statute to such a partnership.

Section 13, ch. 110, being the Practice Act [Cahill's St. ch. 110, ¶ 13], is cited which provides that a partnership *of which the members are all nonresidents* may be sued in the partnership name. By the ordinary rules of interpretation this would mean that a resident partnership cannot be so sued.

. It is the universal rule that a suit against a resident partnership must be against the members, as partners. The statutes recognize the partnership, as it recognizes the voluntary association or labor union; but they also recognize the common-law rule as to parties in suits at law.

The labor union is not a partnership, in that it is not engaged in business nor operating for financial profit. Certainly, if a partnership can only be sued by naming the members, much more is this true of the labor union.

It is the well-recognized law in Illinois that an indictment for embezzlement, larceny or burglary, which lays the ownership of the property in a partnership, or an unincorporated company, is bad on motion to quash.

In *People v. Picard,* 284 Ill. 588, 591, the rule is stated (and the same rule may be found in many other Illinois cases) as follows:

"The recognized and well-settled rule is that property vested in a body of persons ought not to be laid, in an indictment charging a party with the larceny of the same, as the property of that body unless such body is incorporated but should be described as belonging to the individuals composing the company."

The legislature did in 1909 (Cahill's St. ch. 38, ¶ 196) pass a special statute to protect fraternal, beneficial societies, corporations and associations, in which it is provided that an indictment would be sufficient if it alleged title to funds or property embezzled or stolen, "to be in the supreme lodge, grand lodge or subordinate lodge thereof, by the name by which the same is commonly known."

The enactment of this statute was a clear recognition of the rule above stated.

As the declaration is based upon the theory that the business agents who were representing the local unions were duly authorized to do what they did, it must affirmatively show the scope of the agents' au-

thority, and that the act complained of was done by said agents within the authority so set out.

The declaration alleges that the local unions operate under a constitution and by-laws, but does not quote any portion of them. It mentions certain officers and alleges that in the conduct of the business of the local they act as agents for and on behalf of the local; that among the duties of the officers, and particularly the business agents, they have been given authority by the local and by the individual members "to call and procure the calling of strikes within the County of Lake, State of Illinois, when and where it may be to the interest, financial or otherwise, of said local 93 and the individual members thereof, by way of strengthening said local 93 and its similar affiliated organizations throughout the United States." After setting forth the authority, it is then alleged that while acting within the scope of authority the two business agents maliciously conspired to cause breach of appellant's contract and otherwise unlawfully to injure him.

It appears that the allegation that unlawful things were done while the business agents were acting within the scope of their authority is a mere conclusion of the pleader. He sets out the scope of the authority and it does not include any malicious or unlawful act, nor any act intended to cause breach of a contract, or otherwise unlawfully to injure any person.

In conclusion we are of the opinion that the local unions, being voluntary, unincorporated associations, are not legal entities and cannot be made parties defendant in their association names in a suit at law; the declaration is also subject to the charge that it does not set out facts sufficient to constitute a cause of action against the local unions. The judgment of the circuit court is affirmed.

*Judgment affirmed.*