## STATE OF NORTH DAKOTA v. NORTH CENTRAL ASS'N OF COLLEGES AND SECONDARY SCHOOLS et al.

### No. 6729.

Circuit Court of Appeals, Seventh Circuit.

Nov. 2, 1938.

Alvin C. Strutz, of Bismarck, N. D., and Frank E. McAllister, of St. Paul, Minn., for appellant.

Frank B. Leonard, August C. Meyer, and John L. Franklin, all of Champaign, Ill., for appellees.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

TREANOR, Circuit Judge.

This is an appeal from the order of the District Court denying plaintiff's motion for temporary injunction. The plaintiff by its bill of complaint sought to enjoin the defendants, North Central Association of Colleges and Secondary Schools and its officials, from removing the University of North Dakota and the State Agricultural College of North Dakota from the Association's list of accredited institutions. The cause presented by the motion for temporary. injunction was submitted upon the verified bill of complaint of the plaintiff and supporting affidavits, and the verified answer and supporting affidavits of defendant. The District Court denied the motion for temporary injunction and dissolved its temporary restraining order.

The defendant, North Central Association of Colleges and Secondary Schools, includes in its membership 243 colleges and universities, 54 junior colleges, and 2828 secondary schools. Membership is voluntary and is renewed annually by the payment of an annual membership fee and by filing and securing the approval of an annual report. A member institution may withdraw from the Association at any time and termination of membership automatically follows a failure to pay its annual dues or an omission to file a satisfactory annual report, or a failure to report at all.

The Association's declared purpose is to encourage the improvement of higher education and to recognize merit in educational institutions by admitting them to membership in the Association, thereby accrediting institutions which meet the standards of the Association. An educational institution is accredited for membership upon the basis of the total pattern which it presents as an institution. Among the factors considered are competency of the faculty, the number of the faculty in ratio to the number of students, salary schedule, and faculty tenure. The consistent policy of the Association has been to condemn arbitrary interference by governing boards with freedom of teaching, and to oppose any policy that makes tenure precarious for competent instructors. In support of its policy respecting tenure the Association insists as a condition of membership that staff members of educational institutions shall not be summarily dismissed; and that, in general, no appointee shall be removed before the expiration of his term of service without a fair hearing.

The Association acts through an Executive Committee of ten persons, this committee constituting the supreme authority of the Association, except when the annual meeting of all members is in session. All questions relating to college and university members of the Association are dealt with by the Association's Commission on Institutions of Higher Education, a body consisting of forty-eight persons selected by the members at their annual meeting. This Commission employs a sub-committee, designated a Board of Review, which consists of seven members whose duty is to appoint inspectors, conduct inspections, receive reports, and make recommendations respecting membership in the Association. The Board of Review reports to the Commission and the Commission in turn reports to the Executive Committee. Appeals lie from the decision of the Commission to

the Executive Committee and from the Executive Committee to the annual meeting.

Under the law of North Dakota (Comp. Laws Supp.1925, §§ 283b 1, 283b 6) the Board of Administration of North Dakota has charge of all educational institutions. On July 29, 1937, it voted to dismiss seven members of the faculty of the Agricultural College as of August 1, 1937. No charges of record were made against any of the persons and no opportunity for hearing was given to the discharged employees. Since the Agricultural College was a member of defendant Association, the action of the Board of Administration was considered at a meeting of the Board of Review which met in Chicago on January 20 and 21, 1938. President West of the University of North Dakota, and acting president of the Agricultural College, appeared at this meeting at the request of the Board of Review. With his approval a special Committee of Inquiry was appointed to investigate action of the State Board of Administration of North Dakota. The Committee of Inquiry visited the North Dakota Agricultural College and after a three days' investigation submitted a report which contained a recommendation that the North Dakota Agricultural College be removed from the list of accredited colleges of the North Central Association of Colleges and Secondary Schools. The conclusion of the Committee of Inquiry was that the arbitrary dismissal of the seven staff members had lowered distinctly the morale of staff members and created a spirit of unrest and uncertainty which was detrimental to the program of the College.

The Board of Review met on April 3, 4, and 5, 1938, to take action on the report of the Committee of Inquiry. The meeting was attended by President West, Commissioner Hagen of the State Board of Administration of North Dakota, and Mr. Gunvaldsen of the Alumni Association of the Agricultural College of North Dakota; and after full hearing and opportunity to be heard the Board of Review approved the action of the Committee of Inquiry and the next day the full Committee of the Association's Commission on Institutions of Higher Education approved the report.

The representatives of the Agricultural College did not appeal from the action of the Commission on Institutions of Higher Education, although under the rules of the Association they were entitled to a review of the action of the Board of Review and of the Commission on Institutions of Higher Education by an appeal to the Executive Committee. Instead of seeking redress in accordance with the rules of the Association the interested parties caused this suit to be brought in the name of the State of North Dakota by William Langer, Governor.

The District Court was of the opinion that the controversy involved the administration of internal affairs of a voluntary association and that the plaintiff could not invoke the jurisdiction of a court until the remedies provided by the rules of the association had been exhausted. But plaintiff insists that the rule which ordinarily applies to voluntary associations is not applicable in the instant case for the reason that this action is not brought by a member of the Association, but by the State of North Dakota; and further insists that the District Court erred in holding that "The State (North Dakota) has no greater rights than the college itself has."

We agree with the District Court's holding that the State of North Dakota can assert no greater rights in this controversy than the Agricultural College. The only justification for the presence of the State of North Dakota, by Mr. Langer, Governor, as the named plaintiff, is that the State of North Dakota is entitled to assert whatever rightful claim its Agricultural College has as a member of the Association. The Agricultural College applied for and was granted membership in a purely voluntary association, and by accepting membership therein acquired only such rights as were enjoyed by all other members under the governing rules of the Association. If the rules and policies of the Association offend against the public policy or specific laws of the State of North Dakota, the State by reason of its control over its educational institutions undoubtedly can forbid their acceptance of membership in the Association; or can require their withdrawal. But the State of North Dakota acquires no rights, as a political sovereign, by reason of the membership of its state educational institutions in the Association; and has no right to insist that the Association modify in any degree its rules, policies and practices in dealing with the state's educational institutions as members of the Association.

The District Court correctly held that the State of North Dakota was merely representing the State Agricultural Col-

lege, and entitled to assert only the rights of the College as a member of the Association.

 The Association being purely voluntary is free to fix qualifications for membership; and to provide for termination of membership of institutions which do not meet the standards fixed by the Association. The constitution, by-laws, and rules of government of the Association measure the rights and duties of the members. Under the policy and rules of the defendant Association it is a condition of membership that staff members of colleges and universities enjoy freedom from arbitrary dismissal by governing boards or officials. Whether this is or is not a reasonable standard is beyond the question in this case, although most people undoubtedly would agree that it is reasonably related to the effectuation of the commendable educational policies of the Association. The rules and practices of the Association provide adequate procedure for a fair determination of a cause presented by a charge that a member institution does not meet the foregoing standard. In the instant case the normal procedure of the Association was followed scrupulously, as far as the representatives of the Agricultural College chose to take advantage of it, and the District Court correctly held that it was without jurisdiction of the controversy since the remedies provided within the Association had not been exhausted.

There is no evidence that the decisions of the Board of Review and Commission on Institutions of Higher Education were arrived at arbitrarily and without sufficient evidence to support them; nor is there any showing that an appeal to the Executive Committee would not have secured an impartial review on the merits. Consequently, even granting that the two official bodies which had passed upon the facts of the case made erroneous decisions on the merits, the case does not call for the application of the rule that "a suspended member [of a voluntary association] is not required to pursue his remedy by appeal within the organization when such appeal is to a board so constituted as to afford no likelihood of an impartial hearing."[1]

Plaintiff's complaint alleges that the Association is threatening to remove the University of North Dakota from the accredited membership list. The merits of that allegation are disposed of by the following statement in the opinion of the trial judge: "There is no evidence of such threat. Quite the contrary seems to be the situation. But if such action should be taken by the Association, the remedy of the University and of those responsible for its welfare lies within the Constitution and rules of procedure of the Association, which the University has voluntarily assented to. It has a right to be heard and a right to review, and until the day of exhaustion of remedies within the Association, this court has no right to interfere. Upon the conclusion of any future action by the Association the result will disclose whether there has been any breach of the law which would justify a court of equity's interference." 23 F.Supp. 700.

We hold that the District Court did not err in denying the motion for a temporary injunction and dissolving the temporary restraining order theretofore entered.

The decree of the District Court is affirmed.

---

[1] Rodier v. Huddell, 232 App.Div. 531, 250 N.Y.S. 336, 339.