John Gratz, as Receiver and Supervisor of International Chemical Workers Union, Local No. 21, A. F. of L., Plaintiff-Appellee, v. Chester Cozart, Defendant-Appellant.

### Term No. 57–F–10.

Fourth District.

May 15, 1957.

Released for publication June 4, 1957.

Robert B. Rutledge, of East St. Louis, for defendant-appellant.

Stanley R. Schuchat, and Floyd D. Stewart, both of St. Louis, Missouri, and Robert F. Godfrey, of East St. Louis, for plaintiff-appellee.

JUDGE CULBERTSON delivered the opinion of the court.

This is an appeal from the judgment of the City Court of the City of East St. Louis, Illinois, in favor of John Gratz, as Receiver and Supervisor of International Chemical Workers Union, Local No. 21, A. F. of L., plaintiff, and against Chester Cozart, as defendant. The action was originally instituted in the Justice-of-the-Peace Court to recover union dues in the sum of $2 per month for a period of four months.

The action was instituted by the plaintiff on the theory that under the constitution of the International Chemical Workers Union, to which the defendant bound himself, the action of the president of the union taken pursuant to the constitution, appointing plaintiff as receiver and supervisor, entitled plaintiff to possession and control of the assets of the local union, and that since the plaintiff was entitled to possession and control of the assets of the local union, he was the proper party to maintain suit for recovery. Defendant contends in this Court that the suit should have been dismissed for the reason that plaintiff did not have the legal capacity to sue and that the suit should have

been required to have been brought in all the names, however numerous, of the union.

■ ■ The constitution of a voluntary unincorporated association of the type of the union before us, constitutes a contract between the members and the association, and governs their mutual rights and liabilities (Talton v. Behncke, 199 F.2d 471), and under the constitution and by-laws of the union, plaintiff had a contractual right to control and possession of the assets of the local union (State of North Dakota v. North Central Ass'n of Colleges and Secondary Schools, 23 F. Supp. 694, aff'd 99 F.2d 697). The constitution of the particular union to which defendant belonged affirms the right in the international president to appoint a receiver and supervisor of a local union. By that appointment plaintiff acquired a contractual right to possession and control of the assets of the local union. One of those assets was the right to recovery of debts owing the local union by defendant and others.

■ ■ We distinguish the case before us from the situation which existed in O'Connell v. Lamb, 63 Ill. App. 652, where it was contended that the constitution of an organization empowered the plaintiffs to bring suit. That is an unenforcible provision, and the Court so held. The constitution of an unincorporated association, however, can validly determine the right to possession of assets as between the parties, and under the law of this State a person so entitled to possession of assets can take action to enforce his legal right by resorting to the Courts.

Since under the terms and provisions of the constitution of the union and the action of the international president taken pursuant thereto, the right to possession of the debt owing from defendant to the local union lay solely in the plaintiff, as receiver and supervisor of the local union, the action of the plaintiff was

proper and he was a proper party to maintain suit for recovery of the debt.

The judgment of the City Court of the City of East St. Louis will, therefore, be affirmed.

Judgment affirmed.

SCHEINEMAN, P. J. and BARDENS, J., concur.