AMERICAN FEDERATION OF TECHNICAL ENGINEERS, LOCAL 144, Plaintiff-Appellant, *v.* THOMAS A. LA JEUNESSE *et al.*, Defendants-Appellees.

(No. 60262;

First District (5th Division)—January 24, 1975.

Gilbert Feldman, of Kleiman, Cornfield and Feldman, of Chicago, for appellant.

E. Allan Kovar, of Schiff, Hardin & Waite, of Chicago, for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, a union, appeals from an order dismissing its amended complaint in chancery against 52 of its members. Among other relief, the complaint sought specific performance of the union constitution and bylaws by way of an order requiring defendants to pay fines assessed against them by the union for failure to honor a lawful strike and picket. On appeal, plaintiff contends: (1) that the trial judge erred in dismissing the amended complaint for want of equity since specific performance is the only available remedy, and (2) that the initial trial judge erred in dismissing the original complaint on the grounds that an unincorporated labor union does not have standing to sue at law.

On January 19, 1972, plaintiff, by its president, filed a verified complaint in the law division of the circuit court alleging that it is a voluntary association representing defendants as their labor union; that defendants had violated the terms of the union constitution and bylaws when they disobeyed union instructions to honor a lawful strike and picket; that as a result, fines were assessed against each defendant pursuant to the union's disciplinary procedure; and that defendants had failed to pay those fines. The complaint sought judgments against each defendant in the amount of his unpaid fine; costs and attorney's fees; and such other relief as the court deemed necessary. Copies of the union constitution and bylaws were attached to the complaint. Upon defendants' motion to dismiss the complaint because plaintiff lacked standing to sue at law in its association name, the trial judge dismissed the complaint, but granted plaintiff leave to amend.

On August 9, 1972, plaintiff, by its president, filed an unverified amended complaint substantially the same as the original complaint except that allegations were also made that there was no adequate remedy at law since the original complaint had been dismissed for lack of standing and that plaintiff would suffer irreparable injury and denial of its constitutional rights if relief were not granted. This complaint, in place of the prayer for judgments against each defendant in the amount of his unpaid fine, sought an order requiring defendants to specifically perform their contractual obligations pursuant to the union constitution and bylaws by paying the fines assessed against them.

Defendants filed a motion to dismiss the amended complaint for want of equity contending: (1) that plaintiff has an adequate remedy at law; (2) that the union constitution and bylaws confer no authority on the union to sue at law or equity; (3) that the amended complaint seeks to enforce a penalty rather than a valid debt; (4) that defendants are parties on both sides of the law suit; (5) that specific performance does not lie since the contract is uncertain and ambiguous; (6) that the courts

should not participate in union disciplinary proceedings; and (7) that plaintiff has no basis for specific performance. On January 17, 1973, the matter was transferred to the chancery division of the circuit court.

Initially, the trial judge denied defendants' motion to dismiss ruling: (1) that a union may, as a matter of law, impose reasonable fines on its members for failing to honor an authorized strike; (2) that a union may, as a matter of law, collect reasonably imposed fines; (3) that the court has jurisdiction to enforce reasonable union policies; and (4) that plaintiff's allegations of irreparable harm is sufficient to sustain the court's equitable jurisdiction over the matter. The order granted defendants time to answer the complaint.

Defendants then filed a motion for reconsideration of this order stating that no published cases authorize voluntary associations to sue for damages in equity; that the cases indicate that such associations cannot sue or be sued for damages; and that such an association should not be permitted to use its lack of standing as a shield in some instances and as a sword in other instances as it chooses. Defendants further stated that an excessive burden would be imposed on the court to determine the merits of each claim prior to a definitive holding on the legal issue common to all.

The trial judge granted defendants' motion for reconsideration; confessed error in denying defendants' motion to dismiss the amended complaint; vacated its prior order; and dismissed the complaint for want of equity. The judge found: (1) that the remedy of specific performance does not lie for the enforcement of plaintiff's constitution and bylaws; (2) that specific performance does not lie for the payment of money only; and (3) that there was no just reason to delay enforcement of or appeal from the order.

OPINION

Plaintiff contends that the trial judge erred in dismissing the amended complaint for want of equity on the ground that specific performance does not lie when only money payment is sought. Defendants argue that plaintiff is not entitled to specific performance even though its complaint at law had been dismissed.

■■ The instant case places plaintiff in an unusual situation in attempting to pursue a remedy for an alleged breach of contract. In Illinois, the constitution and bylaws of an unincorporated association constitute a contract between the association and its members. (*Gratz v. Cozart*, 13 Ill.App.2d 515, 517, 142 N.E.2d 833, 834.) The normal remedy for breach of contract is at law for damages. However, an unincorporated associa-

tion may not sue or be sued at law in its association name, but rather must sue or be sued at law in the names of each of its members. (See *Cahill v. Plumbers Local 93*, 238 Ill.App. 123.) We note that such a procedure is frequently unworkable. When an unincorporated association is sued, the plaintiff seldom has access to the names of all the members of the association. When the association sues, a listing of the names of all its members, in both the caption and the body of the complaint, is infeasible especially when the association has numerous members and is particularly impractical when the association is seeking relief against some of its members.

An unincorporated association may sue in equity in the association name through representatives. *Carpenters' Union v. Citizens' Committee*, 333 Ill. 225, 164 N.E. 393.

In the instant case plaintiff's action at law for damages was dismissed on the ground that it sued in the association name. Then, when plaintiff through its representative sought relief in equity, its suit for specific performance was dismissed because it was in essence seeking damages. As a result, plaintiff is left without an effective remedy for the injury it is alleged to have suffered.

■■ In view of the merger of law and equity, no justification exists for allowing an unincorporated association to sue or be sued in equity through its representatives (*Carpenters' Union v. Citizens' Committee*, 333 Ill. 225, 164 N.E. 393) but not allowing it to sue or be sued in such a manner at law. Only one rule of pleadings should prevail. Moreover, section 31 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 31) specifically provides that "there shall be no distinctions respecting the manner of pleading between actions at law and suits in equity, other than those specified in this Act and the rules."

■■ Furthermore, the 1970 Illinois Constitution provides that "Circuit Courts shall have original jurisdiction of all justiciable matters * * *." (Ill. Const. (1970), art. VI, § 9.) This language is virtually identical to the language in the 1964 Judicial Article which created unified trial courts and abolished courts of limited jurisdiction, including separate courts of law and equity. There can be no question that the instant case presents a justiciable matter for the court's consideration. Therefore, notwithstanding cases to the contrary, an unincorporated association has standing to sue and to be sued. *Graham v. Board of Education*, 15 Ill.App. 3d 1092, 305 N.E.2d 310; *Illinois State Employees' Association v. McCarter*, 9 Ill.App.3d 764, 292 N.E.2d 901.

■■ We also note that in view of the merger of law and equity, notwithstanding the division of the court to which a judge is assigned, a trial judge has jurisdiction to grant whatever remedy may be appropriate

in the circumstances of the case before him. This view is supported by section 34 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 34) which provides that "[e]xcept in case of default, the prayer for relief does not limit the relief obtainable   *   *   *."

■■ The amended complaint contained a general prayer for relief and where by the court's ruling plaintiff was effectively deprived of a remedy for the injury it was alleged to have suffered, we believe the trial court erred in dismissing plaintiff's amended complaint.

Therefore, the judgment of the circuit court of Cook County is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

DRUCKER and SULLIVAN, JJ., concur.